No. 21,256.

FANNIE ROBERTS et al., *Appellees,* v. THE CITY OF OTTAWA,
*Appellant.*

### SYLLABUS BY THE COURT.

CITIES CONSTRUCTING SEWER—*Injury to Workman—Not Within Terms
of Workmen's Compensation Act.* A city in constructing a lateral
sewer, while exercising its proprietary power, is not engaged in an
enterprise involving any element of gain or profit, and therefore is
not within the terms or operation of the workmen's compensation act.

Appeal from Franklin district court; CHARLES A. SMART,
judge. Opinion filed June 9, 1917. Reversed.

*F. M. Harris,* of Ottawa, for the appellant.
*Wilbur S. Jenks,* of Ottawa, for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued for the death of her husband,
caused by the caving in of a lateral sewer, in which he was at
work. The plaintiff recovered and the defendant appeals.

Some point is sought to be made touching the failure of the
deceased to use certain safeguards, but the only material ques-
tion concerns the applicability of the workmen's compensation
act to the defendant city in this case. A lateral sewer to be
paid for entirely by property owners, and in no part by the
city at large, was to be built, and the work was let to certain
men, who employed the deceased. The specifications contained
many provisions to the effect that the work was to be done
under the supervision of the city engineer or such assistants
as might be placed in charge of the work by the mayor and
council. Incompetent persons engaged upon the work were to
be discharged upon the written requisition of the engineer, and
in various ways not necessary to recount the construction of
the sewer was to progress under his supervision.

It is claimed by the city that in constructing this sewer at
the sole expense of the property owners it was not engaged in
trade or business, but in a purely health measure carried on
under the governmental side of its activities. On the other

hand, it is urged that the city is within the act because it was engaged in its municipal business, and although it had let the work out to contractors, it was still sufficiently in charge thereof to be within the purview of the statute. This is a companion case of *Gray v. Sedgwick County*, just decided, *ante*, p. 195, a somewhat different question, however, being involved.

Was the city engaged in its trade or business within the meaning of section 5900 of the General Statutes of 1915? That the rule applying to cities is quite different from that affecting counties and other *quasi* municipalities is indicated in the decision referred to and authorities therein cited. In *Freeman v. Chanute*, 63 Kan. 573, 66 Pac. 647, in distinguishing between the different powers of a city it was said:

"In the exercise of its *quasi*-private or corporate power a municipality is like a private corporation, and is liable for a failure to use its power well or for an injury caused by using it negligently. In building its water-works, gas, electric-light plants, sewers, and other internal improvements which are for the exclusive benefit of the corporation, it is in the exercise of its *quasi*-private power and is liable to the same extent as are private corporations." (p. 577.)

In *Bowden v. Kansas City*, 69 Kan. 587, 77 Pac. 573, the following expression from *Johnston v. District of Columbia*, 118 U. S. 19, was quoted with approval:

"But the construction and repair of sewers according to the general plan so adopted are simply ministerial duties; and for any negligence in so constructing a sewer, or keeping it in a repair, the municipality which has constructed and owns the sewer may be sued by a person whose property is thereby injured." (p. 593.)

In the opinion itself it was said:

"When a municipal corporation assumes the performance of a public duty which was permissive only and enters upon the discharge of such duty, and through the negligent performance thereof by its authorized agents one is injured either in person or property, the corporation can not escape liability by saying that the performance of this duty was not imperative." (p. 594.)

In *Fisher v. Township*, 87 Kan. 674, 125 Pac. 94, numerous authorities were cited touching the different sorts of liability attaching to cities and merely *quasi* corporations, and it was said:

"While the soundness of this distinction has been questioned it is too firmly fixed in the jurisprudence of this state, following the weight of

authority elsewhere, to be overturned except by legislative action."
(p. 679.)

In *Butler v. Kansas City*, 97 Kan. 239, 155 Pac. 12, *Hibbard v. City of Wichita*, 98 Kan. 498, 159 Pac. 399, and *Frost v. City of Topeka*, 98 Kan. 636, 161 Pac. 936, a pesthouse, a public park and a detention hospital, respectively, were involved, and held to concern only the governmental action of a city:

Under the rulings referred to distinguishing between a city's governmental and proprietary powers, the building of the lateral sewer in question doubtless comes within the latter rather than the former. But, as pointed out in the Gray case, in order to bring the city within the statute this proprietary work must have been in the nature of a business or trade involving the idea of profit or gain. Certainly the construction of a lateral sewer to be paid for by the property owners of a given sewer district is not trade or business in the sense of profit, or in any commercial sense.

The question of subcontractor is discussed by counsel, but section 4 of the act (Gen. Stat. 1915, § 5898) imposes on the principal only such liability as would rest on him had he employed the workman himself. Hence the question is not one requiring further discussion.

If the legislature intended to bring cities and counties within the operation of the act it is remarkable that no apt or clear language indicating such intention was used. On the contrary, section 2 of chapter 218 of the Laws of 1911—the original act—provided for an election in certain cases involving "the individual negligence . . . of the directors or of any managing officer or managing agent of such employer if a corporation, or of any of the partners if such employer is a partnership." The term "managing agent" does not naturally or ordinarily apply to cities. Section 16 (Gen. Stat. 1915, § 5910) provides that, "Employers affected by this act shall report annually to the state commission and factory inspector," certain things, including particulars as to all releases of liability; the penalty for failure to report being the invalidation of such releases. Can it fairly be said that the legislature intended to require these reports from cities and other municipalities?

The statute must be liberally construed, but the courts can not go beyond the legislature and add what was omitted, or change the character and manifest object, purpose and limitations of the enactment. There being an utter absence of all elements of business or trade in the usual sense and meaning of the words, and no possibility of gain to the city by way of profit out of the work it was doing or having done, it must be held that the compensation act does not apply.

The judgment is therefore reversed.

JOHNSTON, C. J., dissents.