No. 21,314.

J. M. REDFERN, *Appellant*, v. E. M. EBY et al. (THE CITY OF ANTHONY, *Appellee*).

### SYLLABUS BY THE COURT.

CONSTRUCTING CITY SEWER—*Injury to Workman Not within Terms of Compensation Act.* While constructing a sewer, a city is not engaged in an enterprise involving any element of gain or profit, and does not come within the terms or operation of the workmen's compensation act.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed February 9, 1918. Affirmed.

*E. C. Wilcox, Myrtle Youngberg*, both of Anthony, and *H. C. Kirkendall*, of Cherokee, Okla., for the appellant.

*H. O. Davis*, and *Vernon Day*, both of Anthony, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In this action the plaintiff seeks to recover under the workmen's compensation act. The city of Anthony demurred to the plaintiff's petition; that demurrer was sustained, and the plaintiff appeals.

The petition alleged, in substance, that the plaintiff was employed by E. M. Eby, a contractor who was building a sewer system for the city of Anthony; that while the plaintiff was working for Eby in the construction of the sewer system, a ditch caved in and buried a number of other workmen; that the plaintiff was directed by the foreman in charge of the work to remove the dirt from those buried; that while the plaintiff was engaged in that work, the walls of the ditch wherein he was working suddenly caved in, and the dirt, boards, and timber closed in about the plaintiff and injured him; and that these injuries totally incapacitated him for work during a period of eight weeks, and partially incapacitated him for work during the remainder of his life.

The question presented by the demurrer to the petition has been disposed of by this court. In *Roberts v. City of Ottawa,* 101 Kan. 228, 165 Pac. 869, this court said:

"A city in constructing a lateral sewer, while exercising its proprietary power, is not engaged in an enterprise involving any element of gain or

profit and therefore is not within the terms or operation of the workmen's compensation act." (Syl. ¶ 1.)

"Under the rulings referred to distinguishing between a city's governmental and proprietary powers, the building of the lateral sewer in question doubtless comes within the latter rather than the former. But, as pointed out in the Gray case, in order to bring the city within the statute this proprietary work must have been in the nature of a business or trade involving the idea of profit or gain. Certainly the construction of a lateral sewer to be paid for by the property owners of a given sewer district is not trade or business in the sense of profit, or in any commercial sense." (p. 230.)

In *Gray v. Sedgwick County,* 101 Kan. 195, 165 Pac. 867, the case above referred to, this court said:

"The general purpose of the workmen's compensation act is to provide for compensation to workmen injured in hazardous employments carried on for the purpose of business, trade, or gain.

"A county in resurfacing a county road is not engaged in trade or business within the terms or operation of the workmen's compensation act. (Syl.)

In the Gray case, the plaintiff was injured while hauling gravel for use on the county road in Sedgwick county, which road the board of county commissioners and the county engineer were grading and surfacing.

The statute under which the plaintiff seeks to recover, section 5900 of the General Statutes of 1915, in part, reads:

"This act shall apply only to employment in the course of the employer's trade or business on, in or about a railway, factory, mine or quarry, electric, building or engineering work, laundry, natural gas plant, county and municipal work, and all employments where a process requiring the use of any dangerous explosive or inflammable materials is carried on, which is conducted for the purpose of business, trade or gain. . . ."

A sewer is neither constructed nor operated by a city for the purpose of business, trade, or gain. Sewers are paid for by taxation. In operating sewers, there is no sale or purchase of any property or commodity; neither is there any trade nor gain. In constructing sewers, cities, in their corporate capacity, do not engage in trade within the meaning of the workmen's compensation act, and do not receive any gain or profit.

To come within the operation of the workmen's compensation act, a workman must be employed in one of the various classes of enterprises named in the statute, and that enterprise must be conducted for the purpose of business, trade, or gain.

The city did not come within the provisions of the workmen's compensation act. The plaintiff's petition did not state a cause of action against the city. The demurrer to the petition was properly sustained, and the judgment is affirmed.