No. 31,755

Leo H. Kopplin, *Appellee*, v. County of Sedgwick, *Appellant*.

(32 P. 2d 1058.)

Opinion filed June 9, 1934.

*John W. Wood,* of Wichita, for the appellant.

*W. D. Jochems, J. Wirth Sargent, C. Edward Murray* and *Emmet A. Blaes,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Thiele, J.: This appeal involves the right of election by a municipal corporation under the workmen's compensation act.

The plaintiff was an employee of Sedgwick county, which prior to December 23, 1930, had filed its election to come within the provisions of the workmen's compensation act. He sustained injuries on December 23, 1930; the necessary proceedings were had, and he received compensation at the rate of $14.40 per week until January 16, 1933, the same being paid by the insurance carrier, which then went into receivership, the county not having paid any part thereof. On August 3, 1933, the commissioner of workmen's compensation made an award against the county for the same weekly amount, and on November 18, 1933, the award was affirmed by judgment of the district court. It was conceded the workman was totally disabled, and it was stipulated that the only question to be determined by the commissioner, and therefore to be determined by this court on the appeal, was whether the county commissioners were authorized to bind the county to its employees by an election to come within the provisions of the workmen's compensation act.

The record is silent as to just what sort of work the plaintiff was engaged in at the time of the injury, but it is not contended that the work, whatever it was, was being done by the county in the exercise of any proprietary function.

Appellee states he has no intention to challenge the decisions of this court, in which it has been held that a municipal corporation ordinarily is not within the terms of the workmen's compensation act when the work the employee was doing at the time of the injury was a part of a governmental function as distinguished from a proprietary function, but does contend that where a county had, previous to the injury, elected to come within the terms of the act, such election was valid and binding.

In view of the many decisions of this court reviewing the changes made from time to time in the workmen's compensation act, it is not necessary or advisable to go over all the ground again. The following portions only will be considered.

Since the enactment of the first act it has been provided that it should apply only to employment in the course of the employer's trade or business (Laws 1911, ch. 218, § 6; Laws 1913, ch. 216, § 2; Laws 1917, ch. 226, § 1; R. S. 44-505; Laws 1927, ch. 232, § 5; R. S. 1933 Supp. 44-505). It was held in *Gray v. Sedgwick County,* 101 Kan. 195, 165 Pac. 867, in construing the 1913 act:

"But persons corporate or incorporate, in order to be employers within the act, must employ the workmen in the course of their trade or business, terms which do not naturally or properly apply to a county in the administration of its affairs. 'Business' has been held to be synonymous with 'calling,' 'occupation' or 'trade,' and defined as 'any particular occupation or employment engaged in for a livelihood or gain.'" (p. 197.)

And that a county in resurfacing a county road was not engaged in trade or business within the meaning of the act. And a similar conclusion was reached in *Robertson v. Labette County Comm'rs,* 122 Kan. 486, 252 Pac. 196. A brief review of the original act and as it has been amended shows that by Laws 1911, ch. 218, § 8, it applied to employers by whom fifteen or more workmen were employed, employers of a less number having a right of election to come under the act. This section was amended by Laws 1913, ch. 216, § 3, to make the act apply to employers of five or more employees, with a similar right of election. In 1917 the proviso with reference to election to come under the terms of the act was materially broadened to read:

"Employers whose work, trade or business is not such as described and included in this section of this act . . . may elect to come within the provisions of this act," etc. (ch. 226, § 1).

This section was again amended in 1927, but the provision as to election was not changed.

In defining who is a "workman," the following definition appears in Laws 1913, ch. 216, § 4:

" 'Workman' means any person who has entered into the employment of or works under contract of service or apprenticeship with an employer, but does not include a person who is employed otherwise than for the purpose of the employer's trade or business."

Substantially the same language remained in the act until Laws 1927, chapter 232, § 8, was enacted, and it defined the word as follows:

" 'Workman' means any person who has entered into the employment of or works under contract of service or apprenticeship with an employer."

the remaining clause of the definition above quoted being eliminated. The 1911 act defined "employer" as follows:

" 'Employer' includes any person or body of persons corporate or unincorporate, and the legal representatives of a deceased employer or the receiver or trustee of a person, corporation, association or partnership." (Ch. 218, § 9.)

This definition has never been changed, although in 1917 it was expanded by adding a provision with respect to lessees, which has since remained in the act.

Appellant contends that the provisions of the act apply only to employment in the course of the employer's trade or business, and that under the decisions in *Gray v. Sedgwick County,* and *Robertson v. Labette County Comm'rs,* supra, and *Simpson v. Kansas City,* 137 Kan. 915, 22 P. 2d 955, a municipality engaged in carrying out its governmental functions is not included. Appellee counters with the argument that the inclusion of the word "work" in the employer's election proviso in the 1917 act and since not changed and now appearing in R. S. 1933 Supp. 44-505, and the exclusion by the 1927 act of the clause "but does not include a person who is employed otherwise than for the purpose of the employer's trade or business" from the definition of "workman" (R. S. 44-508, R. S. 1933 Supp. 44-508), so broadened the act that it permitted an employer engaged in "work" as distinguished from "trade or business" to elect to come under the provisions of the act, and that the elimination of the qualifying clause in the definition of "workman" was consistent with the legislative intent to broaden the field of operation of the act; and further that the legislature, having before it the decisions of this court that municipalities when engaged in the performance of acts which did not constitute trade or business were not within the provisions of the act, by the changes made had made

the act applicable to municipal corporations if they filed their proper elections.

In our view of the matter there are two answers to the appellee's contentions. Municipal corporations have only such powers as are expressly granted or necessarily incident to those granted (*State, ex rel., v. City of Coffeyville*, 127 Kan. 663, 274 Pac. 258), and at no place in the various acts with reference to municipal corporations is there any grant of power to them to elect to come within the provisions of the workmen's compensation act, which on its face and under decisions of this court rendered, in part, prior to the amendments relied on, did not apply to municipal corporations.

In the recent case of *Simpson v. Kansas City*, 137 Kan. 915, 22 P. 2d 955, it was held that—

"Municipalities, in the exercise of their normal functions and not engaged in trade or business, do not operate under the workmen's compensation act." (Syl.)

And many of our decisions are reviewed therein. In that case there had been no election on the part of the city to come under the provisions of the act, and appellee stresses that fact. Even though there had been no election by the city, what was said in the opinion in that case is applicable here. After analyzing the provisions of the earlier and the present act with reference to its applicability, the court, speaking through Harvey, J., said:

"The later act took from the earlier one the words 'on, in or about,' which had produced so much uncertainty in litigation, and made a few other changes in the language. However, the statute as now before us applies 'only to employment in the course of the employer's trade or business.' The common meaning of the words 'trade or business' is that which one conducts for financial return or profit, and the words in the earlier act had been so construed in the cases above cited. In this case the city, of course, was not, while repairing streets, engaged in a trade or business for financial return or profit. Moreover, the earlier and later statutes apply to the employer's trade or business in certain hazardous employments 'as to each of which employment it is deemed necessary to establish a new system of compensation for injuries to workmen.' This necessarily carries the thought that there previously existed a system by which injured workmen might be compensated as the result of injuries, such as an action for damages at common law. No such cause of action existed against counties and municipalities except to the extent they were made liable by statute. If the legislature intended to create a liability against counties and municipalities where none existed, it would have done so in language so clear it could not well be misunderstood, as has been done with respect to injuries resulting from defects in county, township and state highways. (R. S. 68-301; R. S. 1931 Supp. 68-419.)

"No case involving the liability of a county or municipality by reason of the changed language in the statutes above referred to has heretofore been presented to this court, but soon after chapter 232 of the Laws of 1927 was enacted a case came before the district court of Sedgwick county (*Southard, Claimant, v. Sedgwick County, Respondent*) with respect to the liability of a county where substantially the same question was presented as we have here. The trial judge, Hon. J. E. Alexander, gave the question careful consideration and filed a written opinion in which it was held that, in so far as the county operating under the workmen's compensation act is concerned, chapter 232 of the Laws of 1927 should receive the same construction given to the earlier statute (R. S. 44-505). This opinion, delivered in January, 1928, has been widely circulated throughout the state and generally regarded as a correct interpretation of the statute. It accords with our view." (p. 717.)

Paraphrasing the above, it is our opinion that had the legislature intended that counties and municipalities should have a right to elect to come under the provisions of the workmen's compensation act, it would have done so in language so clear it could not well be misunderstood.

Municipalities have only such liabilities for injuries to their employees as are fixed by the legislature. The legislature has long known the workmen's compensation act did not apply to municipal corporations, and had it intended they should have a right to avail themselves of its rights and privileges for the benefit of their employees, it could have easily used unmistakable language to that effect. It has not done so.

The judgment of the lower court awarding compensation to the plaintiff is reversed, and the cause remanded with instructions to the court to render judgment in favor of the defendant.