No. 31,971

GENEVIEVE K. SETTER et al., *Appellees*, v. MARY WILSON, *Appellant*.

(37 P. 2d 50)

Opinion filed November 3, 1934.

*Kenneth H. Foust, Wallace H. Anderson* and *G. M. Lamer,* all of Iola, for the appellant.

*G. R. Gard* and *Stanley E. Toland,* both of Iola, for the appellees.

The opinion of the court was delivered by

THIELE, J.: This appeal arises from a proceeding under the workmen's compensation act.

Mary Wilson, in Humboldt, Kan., owned a building in that city having two stories and a basement, the first story being divided into two stores which were occupied by tenants, and the second story being vacant at the time of the accident herein mentioned. Mrs. Wilson derived a part of her income from the rents. In August, 1931, she employed one Louis Eckhart to make some repairs on the building, paying him an hourly wage therefor. He was authorized to hire a helper and for the major portion of the work hired an assistant who had to leave the job before its completion. Eckhart then employed one Boniface Setter to assist him. On the day Setter started to work it became necessary to do some work in the basement, which was dark. Mrs. Wilson furnished Eckhart an extension cord which she had used in her home and which might be used from an electrical connection in an electric shop which occupied one of the rooms on the first floor. The wife of the tenant connected the extension cord to an electric light socket. Setter took the other end of the cord and went into the basement. Shortly thereafter it was discovered that he was lying dead on the floor of the basement, and medical and other testimony was that the cord had a defective fixture at the end held by Setter and that he had been electrocuted.

Thereafter, the widow and minor children of Setter brought an action in the district court to recover on a common-law liability, and later instituted proceedings under the workmen's compensation act.

When the proceedings under the workmen's compensation act came on for hearing before the commissioner, the respondent, Mrs. Wilson, moved for a dismissal for reasons summarized as follows: That an action for relief growing out of the same facts was pending in the district court, that Setter was not an employee of respondent, that she did not have five employees in her employment and the commissioner had no jurisdiction, and that the respondent was not an employer within the purview of the workmen's compensation act. The motion was denied, and as a result of the hearing before the

compensation commissioner there was a finding in favor of the claimants and an award to them. The respondent appealed to the district court, where she renewed her objections with reference to an election of remedies by motions, which were denied. In the district court the principal contention was whether the facts, about which there is little dispute, were such that an action would lie under the workmen's compensation act, and especially whether Mrs. Wilson was an employer within the meaning of that act. The district court expressed doubt, but overruled the respondent's contention that she was not an "employer" and rendered judgment on the award made by the commissioner. Prior to the date of judgment in the district court, the action originally brought in the district court was dismissed.

Respondent's motion for a new trial was denied, and she appeals.

There can be no question that the work being done was "building work" as defined by the statute (R. S. 1933 Supp. 44-508, subdiv. f), and that where the work is "building work" the act applies regardless of the number of employees (R. S. 1933 Supp. 44-507) if the facts otherwise bring the matter within the terms of the act. Therefore, the question to be determined is whether the respondent is an employer as that word is used in the workmen's compensation act and, except for the question of election of remedies, that is the only question argued in the briefs.

While the statutes of some states make exceptions and provisions as to casual employment, our statute does not. The word "workman," as defined by R. S. 1933 Supp. 44-508 (i), covers the workman in this case. The definition of "employer" (same section [h]) merely states who is included within the term, and does not otherwise define it. The words "employment" and "employer" are to a certain extent defined and their meaning may be determined from the context of other portions of the statute. In R. S. 1933 Supp. 44-505 it is stated: "That this act shall apply only to employment in the course of the employer's trade or business in the following hazardous employment," etc., and in R. S. 1933 Supp. 44-503, the act states: "Where any person . . . undertakes to execute any work which is a part of his trade or business," etc. It would thus appear that in order for the act to apply, the employment must be in the employer's trade or business.

The precise question raised in this appeal has not been considered heretofore, except in reference to whether municipal corporations

were within the act. (See *Kopplin v. Sedgwick County Comm'rs,* 139 Kan. 837, 838, 32 P. 2d 1058, where the history of this part of the act is referred to, together with previous decisions of this court. And see, also, *Redfern v. City of Anthony,* 102 Kan. 484, 170 Pac. 800.)

Claimants do not contend that Mrs. Wilson was engaged in business as a builder or contractor in building work, but that she was engaged in keeping her building in tenantable condition, and that the work done was so intimately connected therewith that it was a part of her business; that the act is to be liberally construed, and so construed covers the situation here. We do not believe the legislature so intended, rather it seems that the workmen's compensation act was intended to apply only to employment in the trade or business of the employer, and, if the trade or business of the employer does not bring him within the terms of the act he has no liability thereunder. Suppose a physician owned two houses adjacent to each other, one he occupies as his residence, the other he rents. He hires two workmen to replace screens in the windows of each house. The workman at the residence falls from a ladder and breaks his leg. The workman at the rented house scratches himself and blood poison follows which incapacitates him for four weeks. Can it be said that under the statute the physician is liable to both workmen? Obviously, it cannot. Can it be said that he is liable to the workman on the rented house, and not to the other workman, solely because he receives some rent from the one property?

In the case under consideration there is no evidence that the owner of the property was engaged in the business of acquiring, improving and holding real estate as a means of livelihood, for the evidence went no further than that she derived a part of her income from the leased premises, and that when it needed repairs she had them made.

Attention is directed to the annotation in 50 A. L. R. 1176 on "Ownership of leased or rented property as constituting business, trade, occupation, etc., within workmen's compensation acts." It would appear therefrom that the weight of authority is that the mere owning of a house, maintaining it and keeping it in repair so that it may produce an income, is not sufficient to constitute a trade or business, but such transactions, at most, amount only to a trade or business, within the meaning of the compensation act, when they are carried on to such an extent as to require a substantial and

habitual devotion of time and labor to their management and operation.

In our opinion, the owner of the property being repaired was not engaged in the trade or business of building, and the provisions of the workmen's compensation act are not applicable to her.

It is not necessary to decide the question raised as to election of remedies.

The judgment of the lower court awarding compensation to the claimants is reversed, and the cause remanded with instructions to render judgment for the defendant.