No. 34,042

John Martin, *Appellee,* v. E. L. Craig, *Appellant.*

(84 P. 2d 853)

Opinion filed December 10, 1938.

*Glenn Porter, Getto McDonald, Dwight S. Wallace* and *William Tinker,* all of Wichita, for the appellant.

*Earl C. Moore* and *W. Luke Chapin,* both of Wichita, for the appellee.

The opinion of the court was delivered by

Smith, J.: This was a claim for workmen's compensation. Compensation was awarded the claimant by the commissioner. On appeal this award was approved by the district court. Respondent appeals.

The workman was injured when he slipped and fell off the roof of a house he was helping shingle. Most of the questions in the case are either admitted by stipulation or are not disputed. The question before us on this appeal is whether the respondent was subject to the provisions of the workmen's compensation act.

Respondent is engaged in the manufacturing business in Kansas City. He and his former wife each own an undivided one-half interest in several properties in Wichita. These include the Fairview Apartments, which contain thirty-eight apartments, the house at 1220 South Emporia, the house next door to this, a duplex at 1408 North Broadway, properties at 19th street and on Arkansas avenue, and also property on Kellogg Terrace and Marquise Addition. These are all managed by an agent who has charge of renting them and collecting the rents. She is paid for her services. On the occasion of the injury involved here respondent called his brother-in-law, Mr. Crist, and told him he had some shingles to put on the house at 1220 South Emporia and the house next to it. He asked Mr. Crist if he would see that they were put on. Mr. Crist hired

some men and started the work. Among these men was the claimant. The actual work of shingling this house and the one next door consumed four days and two hours. On some days the crew worked nine hours and on some, ten. Claimant worked one day and part of another. Mr. Crist testified that at different times he had done some repair work on respondent's houses, but that respondent did not look to him to do all his repairs. There was no evidence as to any other repair work. Neither was there any evidence as to any construction work.

The commissioner took the position that since it took a substantial amount of the agent's time to manage and maintain the various properties, as well as to keep them in repair, the work was building work under the statute so as to bring respondent under the workmen's compensation act.

We must examine the provisions of the statute. G. S. 1935, 44-505, provides as follows:

"That this act shall apply only to employment in the course of the employer's trade or business in the following hazardous employments."

Among the hazardous occupations listed in the above section was "building work."

G. S. 1935, 44-508 (f), defines building work as follows:

" 'Building work' means any work in the erection, construction, decoration, alteration, repair, or demolition of any building or structural appurtenances."

Our question then is whether under the facts and circumstances of this case the business of respondent was that of repairing buildings. In order for this to be the case this court has held that a substantial amount of the time and labor of the respondent must be devoted to it. (See *Setter v. Wilson*, 140 Kan. 447, 37 P. 2d 50, and *Shrout v. Lewis*, 147 Kan. 592, 77 P. 2d 973.)

Claimant here relies on what was said by this court in the latter case. What was held in that case, however, was that under the facts and circumstances of that particular case this court could not say that there was not sufficient evidence to support the finding of the trial court that the respondent was engaged in the building business. The record disclosed, however, that a few years before the accident, which was the subject of the litigation, the respondent built and remodeled several houses and was remodeling one when the workman was injured. There can be no doubt that there was ample evidence in that record from which the commissioner could find as a fact that

respondent was engaged in the building business, as defined in the workmen's compensation act. In the case we are considering, however, only four days were devoted to the repair of the building in question and only two houses were worked on. This occupied such a small part of the time of respondent or his agent that it cannot be said to have been a substantial part of it. If we think of the word "business" in its ordinary and accepted meaning then no one would say respondent was in the building business. The work described occupied too small an amount of his time and attention for this to be possible. If it should be held that this four days' work on these two houses constituted engaging in the building business then every person who owned a building other than his residence and found it necessary to hire a workman to do some work on it would find he was subject to the workmen's compensation act. The legislature did not intend such a result.

We turn then to the argument of claimant that it took a substantial amount of the time and attention of the agent for respondent to look after the buildings, such as renting them and collecting the rents, besides the repair work, and that this brings respondent under the act. We have concluded that the compensation act was not intended to cover such activities as renting apartments and houses and collecting rents. The idea of the compensation act was to provide that the injuries suffered by workmen in hazardous employment and the damages resulting therefrom might be spread over all industry so that the burden might not be ruinous to any. The work of collecting rents and renting houses cannot be classed as hazardous, neither is such work named in the statute. A careful study of G. S. 44-505, 44-508, convinces us of this. We cannot assume that the business of owning and operating an apartment house with thirty-eight apartments, and a half dozen dwelling houses, would require enough work to occupy a substantial amount of the time and attention of the owner or his agent.

The judgment of the trial court is reversed with directions to enter judgment for the defendant.