No. 44,007

MAXINE H. TILTON, Widow of Freddie Tilton, Deceased, *Appellant,*
v. RILEY COUNTY and RILEY COUNTY BOARD OF COMMISSIONERS,
*Appellee.*

(398 P. 2d 287)

Opinion filed January 23, 1965.

*C. K. Sayler,* of Topeka, argued the cause, and *Richard Wells,* of Manhattan
and *E. Dudley Smith,* of Topeka, were with him on the briefs for the appellant.

*Donn J. Everett,* County Attorney, argued the cause and was on the briefs
for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This workmen's compensation case was instituted
by Maxine H. Tilton (hereinafter referred to as the claimant or ap-
pellant), as the widow of Freddie Tilton, deceased, against The
Board of County Commissioners of the County of Riley (herein-
after referred to as the respondent or appellee). The appeal is
from a judgment rendered by the district court of Riley County in
favor of appellee.

The facts are not in dispute.

Freddie Tilton had worked for the Riley County Road and Bridge
Department for about twenty years. On February 18, 1963, he and
five or six other road and bridge employees had been engaged in
reconstructing an old township road. The reconstruction of the
road involved cutting and pulling down trees, some of which were
thirty feet high, so that the road could be graded and resurfaced.
Tilton was killed when a branch came off one of the trees, that was
being pulled over by a bulldozer, and struck him in the chest.

The parties stipulated that Tilton was employed by Riley County,
which regularly employed more than five employees in the road and
bridge department; that his death resulted from an accident arising

out of and in the course of his employment; that at the time of such accident claimant (Maxine) was the lawful wife of Freddie; that she was wholly dependent upon him for support; and that there were no other dependents.

The Workmen's Compensation Examiner found:

"It is found by the Examiner that the Claimant was engaged in engineering work; that the work was hazardous; that the Commissioners of Riley County, Kansas had elected to come under the Workmen's Compensation Act on July 21st, 1931. That this election was declared invalid and cancelled by the Workmen's Compensation Commissioner [now Director] on June 12th, 1934. That a directive was issued by the Commissioner of Workmen's Compensation on April 5th, 1935 requesting elections based on Senate Bill No. 124. That after the cancellation no new election was filed by the Commissioners of Riley County, Kansas. That under 44-505 the County is not under the Workmen's Compensation Act unless they clearly elect to come under the act. There was no election on file by Riley County at the time of the deceased's injury and death. That the parties are not governed by the Kansas Act."

The award was made against the claimant and in favor of the respondent, "Riley County and Riley County Board of Commissioners."

Claimant appealed to the district court which approved the award. She then appealed to this court from the judgment of the district court.

Appellant contends that, as the work being performed was dangerous, the Riley County Road and Bridge Department was under the Workmen's Compensation Act by virtue of the term "county and municipal work" as used in G. S. 1961 Supp., 44-505 which, so far as here pertinent, provides:

"This act shall apply only to employment in the course of the employer's trade or business in the following hazardous employments: Railway, motor transportation line, factory, mine or quarry, electric, building or engineering work, laundry, natural-gas plant, county and municipal work, and all employments wherein a process requiring the use of any dangerous explosive or inflammable materials is carried on, each of which employments is hereby determined to be especially dangerous, in which from the nature, conditions or means of prosecution of the work therein, extraordinary risk to the life and limb of the workmen engaged therein is inherent, necessary, or substantially unavoidable, and as to each of which employments it is deemed necessary to establish a new system of compensation for injuries to workmen. . . ."

Determination of the question thus raised by appellant requires consideration of the language of the original enactment, its amendments and this court's interpretative opinions. The section of the

statute now under consideration was first enacted in 1911 (Laws of 1911, Chapter 218, Section 6.). It was amended in 1913 (Laws of 1913, Chapter 216, Section 2.). So far as here material the 1913 amendment, which first received consideration by this court, provided as follows:

"This act shall *apply only to employment in the course of the employer's trade or business* on, in or about a railway, factory, mine or quarry, electric, building or engineering work, laundry, natural gas plant, *county and municipal work,* and all employments wherein a process requiring the use of any dangerous explosive or inflammable materials is carried on, which is conducted for the purpose of business, trade or gain; each of which employments is hereby determined to be especially dangerous, in which from the nature, conditions or means of prosecution of the work therein, extraordinary risk to the life and limb of the workman engaged therein are inherent, necessary, or substantially unavoidable, and as to each of which employments it is deemed necessary to establish a new system of compensation for injuries to workmen. . . ." (Emphasis supplied.)

In *Gray v. Sedgwick County,* 101 Kan. 195, 165 Pac. 867, an employee of Sedgwick County was injured while working on a county road which was being resurfaced. He sued the county under the Workmen's Compensation Act. A demurrer to the petition was overruled and the county appealed contending that it was not an employer engaged in a trade or business within the terms of the statute. This court held:

"The general purpose of the workmen's compensation act is to provide for compensation to workmen injured in hazardous employments carried on for the purpose of business, trade or gain.

"A county in resurfacing a county road is not engaged in trade or business within the terms or operation of the workmen's compensation act. (Syl. ¶¶ 1 and 2.)

And in the opinion said:

"This section seems to cover, first employment in the course of the employer's trade or business in certain places or kinds of work, and, second, all employments dangerous in the way mentioned and conducted for the purpose of business, trade or gain. The words 'county and municipal work' were added by the legislature of 1913, and if applied only to the case of one who contracts to do county or municipal work and employs workmen therein, are clear enough. But running through the entire language are the two ideas, not only of an employment in certain classes of work but an employment therein by an employer in the course of his trade or business conducted for a profit. The provisions of the statutes of various states are quoted showing that in many of them the clear use of terms has left the matter as to municipalities free from doubt, but they do not aid much in the construction of the statute before us.

"As applied to this case the amended provision may be thus read:

" 'This act shall apply only to employment in the course of the employer's trade or business on, in or about . . . county and municipal work, and all employments wherein a process . . . is carried on, which [employment] is conducted for the purpose of business, trade or gain; each of which employments [all those previously mentioned] is hereby determined to be especially dangerous . . . and as to each of which employments it is deemed necessary to establish a new system of compensation for injuries to workmen.' " (pp. 196, 197.)

The statutory section, now under consideration, was again considered in *Robertson v. Labette County Comm'rs*, 122 Kan. 486, 252 Pac. 196, and it was held:

"A county, in constructing a hard-surface road, is not engaged in trade or business within the meaning of the workmen's compensation law." (Syl. ¶ 1.)

The appellee lays great stress on the fact that in 1927 (Laws of 1927, Chapter 232, Section 5) the legislature eliminated the phrase "which is conducted for the purpose of business, trade or gain." The amendment did nothing more than to eliminate a nonsensical phrase. As the act stood before the 1927 amendment it read in substance:

"That this act shall apply only to employment in the course of the employer's trade or business . . . which is conducted for the purpose of business, trade or gain; . . ."

After the elimination of the last quoted phrase the act still applied only to "employment in the course of the employer's trade or business," a phrase which eliminates "county and municipal work" performed in a governmental capacity.

This court had the section under consideration after the 1927 amendment in *Simpson v. Kansas City*, 137 Kan. 915, 22 P. 2d 955, (decided June 10, 1933) where it said and held:

"The principal question raised by the appeal is whether the city, in performing its governmental functions, in operating under the workmen's compensation act without having filed with the compensation commissioner its election to do so. Prior to the rewriting of our compensation act in 1927 (Laws 1927, ch. 232, R. S. 1931 Supp. 44-501 *et seq.*) it had become the settled law of this state that counties and muncipalities of the state, in performing their normal functions, were not engaged in 'trade or business' for profit, and were not within the provisions of the workmen's compensation act. (citing cases.)

"But if the municipality, exercising its proprietary capacity through the water and light department, produced water or electric energy which it sold to consumers, its employees in that department were within the act, for, with respect to such functions, the city was engaged in trade or business for a financial return or profit. . . ." (p. 916.)

"The later act took from the earlier one the word 'on, in or about,' which had produced so much uncertainty in litigation, and made a few other changes in the language. However, the statute as now before us applies 'only to em-

ployment in the course of the employer's trade or business.' The common meaning of the words 'trade or business' is that which one conducts for financial return or profit, and the words in the earlier act had been so construed in the cases above cited. In this case the city, of course, was not, while repairing streets, engaged in a trade or business for financial return or profit. Moreover, the earlier and later statutes apply to the employer's trade or business in certain hazardous employments 'as to each of which employment it is deemed necessary to establish a new system of compensation for injuries to workmen.' This necessarily carries the thought that there previously existed a system by which injured workmen might be compensated as the result of injuries, such as an action for damages at common law. No such cause of action existed against counties and municipalities except to the extent they were made liable by statute. If the legislature intended to create a liability against counties and municipalities where none existed, it would have done so in language so clear it could not well be misunderstood, as has been done with respect to injuries resulting from defects in county, township and state highways. (R. S. 68-301; R. S. 1931 Supp. 68-419.)" (pp. 917, 918.)

We are impelled to conclude that if the legislature intended to create a compulsory liability against counties and municipalities where none existed, it would have done so in language so clear that it could not well be misunderstood.

The appellant next contends that Riley County had filed its election with the Workmen's Compensation Commissioner to come under the act and that the election had never been withdrawn.

The determination of this question requires the consideration of additional facts.

Laws of 1927, Chapter 232, Section 5 provided in part:

". . . Agricultural pursuits and employments incident thereto are hereby declared to be nonhazardous and exempt from the provision of this act: *Provided,* That employers whose work, trade or business is not such as described and included in this section of this act, and employers commencing or renewing in this state any work, trade or business, may elect to come within the provisions of this act by filing with the commission a written statement of election to accept thereunder and such election shall be effective when so filed, and such election shall continue in effect unless and until such employer thereafter desiring to change his election shall do so by filing a written declaration thereof with the commission, . . ."

In July, 1931, the County Commissioners of Riley County filed a paper with the Workmen Compensation Commissioner which read:

"ELECTION OF EMPLOYER TO COME WITHIN
THE PROVISIONS OF CHAPTER 232,
SESSION LAWS OF KANSAS, 1927.

"*To the Commissioner of Workmen's Compensation:*
"You are hereby notified that Commissioners of Riley County, Kansas, Manhattan, Kansas, hereby elect to come under the provisions of Chapter 232,

Session Laws of Kansas, 1927, being 'An act relating to workmen's compensation'; that said Commissioners of Riley County, Kansas, is an employer of labor, and is engaged in the business of building roads, bridges, culverts, etc., city of _____ and in the county of Riley, in the State of Kansas."

In *Kopplin v. Sedgwick County Comm'rs,* 139 Kan. 837, 32 P. 2d 1058, (decided June 9, 1934), this court, in considering the authority of a municipality to elect to come under the Workmen's Compensation Act, held:

"Municipalities, in the exercise of their normal functions and not engaged in trade or business, do not operate under the workmen's compensation act, and they are not authorized by said act to elect to come within its provisions and be bound thereby." (Syl.)

and in the opinion said:

". . . Municipal corporations have only such powers as are expressly granted or necessarily incident to those granted (*State, ex rel., v. City of Coffeyville,* 127 Kan. 663, 274 Pac. 258), and at no place in the various acts with reference to municipal corporations is there any grant of power to them to elect to come within the provisions of the workmen's compensation act, which on its face and under decisions of this court rendered, in part, prior to the amendments relied on, did not apply to municipal corporations.

"In the recent case of *Simpson v. Kansas City,* 137 Kan. 915, 22 P. 2d 955, it was held that_____

" 'Municipalities, in the exercise of their normal functions and not engaged in trade or business, do not operate under the workmen's compensation act.' (Syl.)" (p. 840.)

In 1935, following rendition of the foregoing decisions, the Workmen's Compensation Commissioner addressed a communication to all counties, including Riley County, informing them that their elections were invalid. That notice read:

"There was filed in the office of the Commissioner of Workmen's Compensation an election by Commissioners of Riley County, Kans., engaged in the business of road, bridge, culvert constr., to operate under the Kansas Workmen's Compensation Act, said election being filed the 21st day of July, 1931.

"For reason stated in bulletin inclosed said election is invalid and not binding.

"If perchance notices have been posted advising employees they are subject to the supervision of the compensation act, it might be well to withdraw such notices.

"For injuries sustained by employees where insurance has been carried there may be a right of action by the injured direct again to the insurance carrier on the policy, but, even so, the proceeding would not be before the Commissioner of Workmen's Compensation. (For information as to this see *Robertson v. Labette Co.,* 122 Kan. 486, and again 124 Kan. 705.)"

The bulletin enclosed with the foregoing communication read:

"ELECTIONS BY GOVERNMENTAL AGENCIES
TO OPERATE UNDER THE WORKMEN'S
COMPENSATION LAW
[Laws of 1935, Chapter 202, Section 1]

"Senate Bill No. 124 which takes effect from and after publication in the statute book, which will likely be by the forepart of June, provides:

"'That the state highway commission, each county, city, school district, sewer district, drainage district and other public or quasi-public corporation of the state of Kansas . . . may elect to come within the provisions of this act by filing with the commission a written statement of election to accept thereunder, and such election shall be effective when so filed, and such election shall continue in effect unless and until such governmental agency or employer thereafter desiring to change such election shall do so by filing a written declaration thereof with the commission, and the employee of any such employer so filing such election shall be included herein unless such employee elects not to come within this act as provided by Section 51 of this act . . .'

"Heretofore and under the present law a number of governmental agencies filed elections to operate under the compensation act which elections were canceled on a ruling of the Supreme Court that governmental agencies were not authorized by law to make such elections.

"It is the opinion of the commissioner that the new enactment will not revive the canceled elections now on file, and that any governmental agency desiring to operate under the workmen's compensation act will be obliged to file a new election.

"Form for such election will be furnished by the commissioner on request."

There has been no subsequent election filed.

The appellant contends that legislative enactment of 1935 (Laws of 1935, Chapter 202, Section 1) and subsequent enactments (now G. S. 1961 Supp., 44-505 and 44-505a) authorizing all governmental subdivisions to elect to come under the Workmen's Compensation Act, gave legality to the unlawful election attempted by Riley County in 1931.

We cannot agree with the appellant's contention. Political subdivisions have only such powers as are expressly granted or necessarily incident to those granted. (*State, ex. rel., v. Rural High School District No. 7*, 171 Kan. 437, 233 P. 2d 727; *Wichita Public Schools Employees Union v. Smith*, 194 Kan. 2, 397 P. 2d 357.)

There was no legislative authority prior to the enactment of Laws of 1935, Chapter 202, Section 1, authorizing a political subdivision to elect to come under the provisions of the workmen's compensation act. There being no legislative authority, any attempt to make such election was void and of no effect. Subse-

quent legislation does not breathe life or validity into prior unauthorized acts except by specific curative provisions.

This court's function is to interpret and not to rewrite a statute. (*Dougan, Administratrix v. McGrew,* 187 Kan. 410, 357 P. 2d 319.) Courts should not judicially legislate to broaden the plain letter of a statute. (*State v. One Bally Coney Island No. 21011 Gaming Table,* 174 Kan. 757, 258 P. 2d 225; *State, ex rel., v. City of Kansas City,* 181 Kan. 870, 317 P. 2d 806.)

The judgment of the trial court is affirmed and it is so ordered.