No. 40,468

CHARLES E. ROBINSON, *Appellee,* v. GEORGE MULLER, *Appellant.*

(309 P. 2d 651)

Opin-
ion filed April 6, 1957. 

*Aubrey Neale,* of Coffeyville, argued the cause, and was on the briefs for the appellant.

*Paul L. Wilbert* and *Morris Matuska,* of Pittsburg, argued the cause, and *A. B. Keller* and *Randall D. Palmer,* both of Pittsburg, were with them on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was a common law action to recover damages for personal injuries sustained by plaintiff (appellee) which were alleged to have been caused by the negligence of defendant (appellant).

Both the original and the amended petition alleged that the action was brought by plaintiff's employer and its insurance carrier in the name of the plaintiff for the benefit of the employer, its insurance carrier and the injured workman (plaintiff) as their interests may appear as provided by G. S. 1955 Supp., 44-504.

The injuries in question occurred November 20, 1953. The original petition for damages was filed October 13, 1955. Defendant filed a motion asking that the petition be made more definite and certain in several particulars. Plaintiff did not appear at the hearing and the motion was sustained by the trial court. Plaintiff complied with the trial court's ruling by filing an amended petition on January 24, 1956, to which defendant filed still another motion to make more definite and certain, which was very properly overruled by the court. Inasmuch as the amended petition shows a restatement of the same cause of action between the same parties for the same injury due to the same identical, specific negligent acts of the defendant as did the original petition, we will narrate such pertinent allegations thereof as are necessary to determine the questions presented.

It is alleged plaintiff was injured while he was working for the Evans Electrical Construction Company in Coffeyville as a foreman of a line crew; that at the time his employer Evans was engaged in rebuilding and maintaining electrical equipment for the city of Coffeyville; that just prior to the time plaintiff was injured he had helped to secure and attach chains to a switch gear, which chains were then attached to a cable extending from the boom of a crane; that as a result of the injuries to plaintiff his employer and his insurance carrier paid certain medical expenses and compensation

and were subrogated to the amount against defendant; that the trade or business of defendant at the time in question was the moving of a five-ton switch gear by the use of a crane from a flat-top railroad car to a flat-top trailer truck, which crane and truck were owned by defendant. Paragraph 6 of the amended petition reads:

"6. Plaintiff further states that on or about the 20th day of November, 1953, the defendant, through his said agent, servant and employee, William Boan, under oral contract with the City of Coffeville, Kansas, was engaged in moving a heavy five ton switch gear from a flat top railroad car to a flat top trailer truck by means of a motor crane which was mounted on a truck which said crane and flat top trailer truck were both owned by said defendant George Muller; that the terms of said oral contract provided that the defendant was to move a five ton switch gear from a railroad car to a point at the electric plant in Coffeyville, Kansas, and the defendant was to and did bring the necessary heavy equipment, including a crane and a flat top trailer truck and the necessary men to operate said heavy equipment and move said switch gear; that the defendant through his said agent, servant, and employee, William Boan, was in charge of and directed the moving of said switch gear which was being done for the defendant; that plaintiff and his line crew had been instructed by the Evans Electrical Construction Company to do and only did the work of securing and attaching the chains to the switch gear; that the moving of the said switch gear from the flat top railroad car to the flat top trailer truck was a part of the work which the defendant had contracted to do and was doing through the defendant's agent, servant, and employee William Boan; that Charles E. Robinson and members of his crew as a part of their work for Evans Electrical Construction Company attached chains to the switch gear which were then attached to a cable extending from a boom of the said crane mounted on the defendant's truck, and the said employee of the defendant was engaged by use of said crane in lifting the switch gear weighing approximately five tons, to move it from the flat-top railroad car to defendant's flat top trailer truck which was located alongside the railroad car; that Charles E. Robinson was on the flat top trailer truck and was caused to be struck and injured through the carelessness and negligence on the part of the defendant through the said agent, servant, and employee as will be hereinafter more specifically set out when the boom extending from the crane was caused to break off and Charles E. Robinson was struck in the head and other parts of his body by the falling boom and was knocked to the ground and was rendered unconscious causing Charles E. Robinson to sustain severe and permanent injuries as hereinafter described."

Plaintiff alleged the breaking off and the fall of the boom was directly caused by the negligence of defendant in seven specified particulars and that as a direct and proximate result of such negligence on the part of defendant plaintiff sustained severe and permanent injuries as described, and asked for judgment in the amount stated therein. It is not necessary to relate the specific acts of negligence alleged or the injuries sustained.

Defendant again attacked the amended petition by a motion to make more definite and certain, which was overruled in all particulars except one and this was complied with by interlineation. Defendant then interposed a demurrer on the ground that the petition as amended failed to state facts sufficient to constitute a cause of action by plaintiff against defendant. From an order of the trial court overruling defendant's demurrer, he appeals.

Defendant contends the amended petition discloses that the defendant was a special employer of plaintiff with respect to the particular work out of which the injuries arose and that plaintiff could have asserted his valid claim for compensation against him. Thus, the plaintiff's sole remedy was under the provisions of the Workmen's Compensation Act and, therefore, he had no common law cause of action against defendant. There is no allegation in the petition that the plaintiff was performing any work in defendant's trade or business, or that the defendant exercised any direction, control or authority over the plaintiff at the time of the injuries, or that there were any contractual relations between plaintiff and defendant. On the contrary, it was alleged that plaintiff was employed by the Evans Electrical Construction Company and was at the time performing work of his employer. The existence of an employer-employee relationship, whether it be general or special, ultimately depends upon the existence of express or implied contractual relations between the parties. Workmen's compensation rights are rights arising out of contract, since the existence of these rights depends upon an employer-employee relationship which must be based on contract. (*Floro v. Ticehurst,* 147 Kan. 426, 76 P. 2d 773; *Mendel v. Fort Scott Hydraulic Cement Co.,* 147 Kan. 719, 78 P. 2d 868.)

Giving the petition the benefit of the inferences to which it is entitled, we are unable to say that it alleges facts sufficient to warrant recovery against the defendant under our Workmen's Compensation Act, and this would be necessary if defendant's contention were followed. The defendant would have us read into the petition defensive matter which he sought to have plaintiff allege by his motion to make more definite and certain, which the trial court overruled. This we cannot do. A demurrer to a pleading is considered entirely upon the allegations contained therein and the proper exhibits attached thereto. (*Southard v. Mutual Benefit Health & Accident Ass'n,* 177 Kan. 26, 276 P. 2d 299; *Whitaker v. Douglas,* 177 Kan. 154, 277 P. 2d 641.)

Defendant next contends that the original petition failed to state a cause of action against defendant and inasmuch as the amended petition was filed after the Statute of Limitations had run, even if it then stated a cause of action, it was filed too late. We need not labor this point as we have examined both the original petition and the amended petition and both clearly state a common law cause of action in favor of plaintiff and against defendant. We have repeatedly held that where a petition alleges a cause of action but does so imperfectly and with insufficient detail and the additional allegations of an amended petition are only an enlargement and amplification of the averments of the original petition by setting out more definitely that which was imperfectly pleaded or which substituted *a correct for an erroneous statement of facts* and do not set up a new cause of action, the fact that the Statute of Limitations had run when the amended petition was filed is not a bar to recovery, for in such a case the amended petition relates back to the date of the filing of the original one. (*Sundgren v. Topeka Transportation Co.,* 178 Kan. 83, 283 P. 2d 444; *Hoffman v. Hill,* 175 Kan. 826, 267 P. 2d 526; *Springer v. Roberts,* 151 Kan. 971, 101 P. 2d 908.)

A careful analysis of the petition as amended discloses that it alleges a common law cause of action to recover damages for personal injuries due to the negligence of defendant. The trial court did not err in overruling defendant's demurrer thereto.

The judgment of the trial court is affirmed.