No. 42,377

W. E. LEWIS, *Appellee*, v. PAUL CONFER, CHARLES BYERS and COURTNEY HARRIS, d/b/a CONFER DRILLING COMPANY, and HERMAN DEGNAR, *Appellants*.

(365 P. 2d 1103)

Opinion filed November 10, 1961.

*Tudor W. Hampton*, of Great Bend, argued the cause, and *Jerry M. Ward* and *Herbert Rohleder*, also of Great Bend, were on the briefs for the appellants.

*Hugh D. Mauch*, of Great Bend, argued the cause, and *Melvin O. Nuss, Vernon L. Nuss, James P. Johnston*, and *H. Lee Turner*, all of Great Bend, were on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was a common-law action by plaintiff (appellee) to recover damages for personal injuries alleged to have been caused by the negligence of defendants (appellants). Defendants appeal from an order of the trial court overruling their demurrer to plaintiff's petition.

In substance the petition alleges the plaintiff's residence; that

the defendants Paul Confer, Charles Byers and Courtney Harris were co-partners, doing business as the Confer Drilling Company, and that defendant Herman Degnar was its employee; that on the 23rd of September, 1958, defendant drilling company was engaged in drilling an oil well on the Lauck lease southeast of Great Bend; that plaintiff was working as an employee of John Murray, doing business as the Murray Casing Crews, of Great Bend, which company was engaged in servicing oil and gas wells; that the Murray Casing Crews, together with plaintiff, had been called to the location by defendant drilling company; that all the operations hereinafter mentioned were performed using Confer Drilling Company's mast and using Murray Casing Crews' power tongs to run tubing; that after a part of the tubing had been run into the hole, the well began to shoot oil and the well was capped to await the arrival of water trucks to wash the well down.

The petition further alleges:

"That while awaiting said water trucks, the power tubing tongs, approximately 450 to 500 pounds in weight, were connected to the cat line on the cable tool rig owned by the Confer Drilling Company and were suspended in air. That the plaintiff at said time and place was engaged in his employment and was washing off the power tubing tongs.

"That at said time and place, the crew on the Confer Drilling Company rig was changed. That the new driller was the defendant, Herman Degnar. That the defendant, Herman Degnar, in complete disregard to the safety of the plaintiff, did carelessly, negligently and recklessly release the cat line on the rig so as to cause the power tongs to fall upon and strike plaintiff pinning plaintiff against the left leg of the cable tool rig, crushing and causing him the injuries hereinafter set forth."

Plaintiff alleged that the defendants were negligent in certain specified particulars and that such negligence was a direct and proximate cause of his injuries as set forth, and sought judgment against defendants in the amount stated in the petition. In view of the questions involved it is not necessary to relate the specific acts of negligence on the part of defendants or the injuries sustained.

Defendants contend that the petition discloses the plaintiff and his employer, Murray Casing Crews, and defendant Confer Drilling Company were subject to the workmen's compensation law ( G. S. 1959 Supp., 44-507). It is then contended by defendants that the petition shows the defendant drilling company was the principal and plaintiff's employer, Murray Casing Crews, was the subcontractor to carry out the work and trade of the principal, and that under the provisions of G. S. 1949, 44-503 the plaintiff's right to

recovery is thereby confined to the workmen's compensation act and therefore plaintiff has no right to maintain this common-law action. These contentions are without merit.

An examination of the petition reveals that there is no allegation that plaintiff's employer was performing any work in defendant's trade or business nor that the defendants exercised any direction, control or authority over the plaintiff at the time of the injuries complained of or that there was any contractual relationship between plaintiff or his employer and defendants. On the contrary, the petition alleges that plaintiff was an employee of the Murray Casing Crews, which company was engaged in the servicing of oil and gas wells, and plaintiff was at the time performing work of his employer. The existence of an employer-employee relationship, whether it be general or special, ultimately depends upon the existence or implied contractual relations between the parties. Workmen's compensation rights are rights arising out of contract, since the existence of these rights depends upon an employer-employee relationship which must be based on contract. (*Robinson v. Muller*, 181 Kan. 150, 309 P. 2d 561.) Where a reasonable doubt exists as to whether an employee of one employer is also the "special employee" of another employer, the question should be submitted to the jury under proper instructions. (*Coleman v. Patti Construction Co.*, 182 Kan. 53, 318 P. 2d 1028.)

Giving the petition the benefit of the inferences to which it is entitled, we are unable to say that it alleges facts sufficient to warrant recovery against the defendants under the workmen's compensation act, and this would be necessary if defendants' contentions were followed. In their brief defendants attempt to inject numerous facts which, if substantiated, might be a defense to the action, but they are not evident on the face of the petition. A demurrer to the pleadings is considered entirely upon the allegations contained therein and the proper exhibits attached thereto. (*Robinson v. Muller*, supra.)

The defendants want us to assume (1) that the plaintiff and his employer, along with the defendant drilling company, were subject to the workmen's compensation law, (2) that defendant drilling company was the principal, plaintiff's employer Murray Casing Crews was the subcontractor, and (3) that plaintiff's employer was undertaking work which was a part of the defendants' trade or business or which defendants contracted to perform and in turn contracted with plaintiff's employer Murray Casing Crews to execute

a part of defendants' work. It will be noted that nothing is stated on the face of the petition relative to the relationship between plaintiff's employer, Murray Casing Crews, and the defendant drilling company. No statement is made that the plaintiff's employer was to perform all or any part of the work undertaken by the defendant drilling company, nor is there anything in the petition alleging why the defendant drilling company called plaintiff's employer, by whom plaintiff's employer was paid, or any other fact relative thereto.

From a reading of the petition it cannot be said as a matter of law that defendant drilling company was the general contractor and that plaintiff's employer was the subcontractor or that plaintiff was a "special employee" of the defendant drilling company.

Defendants next contend that the plaintiff and his employer, Murray Casing Crews, were operating under the workmen's compensation act (G. S. 1949, Ch. 44, Art. 5, as amended) and that this was a case in which compensation was payable under the act, and since plaintiff failed to file his action in his own behalf within one year from the date of the accident or amend his petition to show that the action was being prosecuted in plaintiff's name by his employer to recover as their interests might appear under the provisions of G. S. 1959, Supp., 44-504, the cause of action was assigned to plaintiff's employer and therefore could not be maintained by plaintiff.

No useful purpose could be gained by a second discussion on the mentioned point. Suffice it to say that in *Davis v. Reed,* 188 Kan. 159, 360 P. 2d 847, we said:

"The act does not attempt in any way to determine the rights or liabilities of the employee in respect to a person not his employer. It does not take away from an employee his common law right of action for injury to the person against one, not his employer, who by negligence has caused the injury. (*Moeser v. Shunk,* 116 Kan. 247, 226 Pac. 784; and see, 58 Am. Jur., Workmen's Compensation, § 60, p. 616; and 106 A. L. R. 1040, 1041.)

"The language of 44-504, *supra,* assumes that the liability of a person other than the employer, which exists at common law, continues after the adoption of the act. Thus, a common law action by an injured workman is not affected by the statute, unless the injured workman, who has a right bestowed upon him by the compensation act, brings himself under the statute by asserting a claim for which compensation is payable under the act, or by accepting compensation thereunder, and thereby creating a situation which requires adjustment between the employer and the employee in the event of recovery. (pp. 163, 164.)

. . . . . . . . . . . . .

"We think it fundamental that an injured employee covered by the workmen's compensation act has a choice as to whether or not he will take compen-

sation from his employer. Furthermore, in our opinion, it is immaterial whether an employee has elected not to pursue his right to take compensation under the act, or whether he has failed to assert his claim within the time required by the act in ignorance of his right to assert such claim. A third party wrong-doer is in no way prejudiced by the failure of an injured employee to assert his claim for compensation payable under the act, whether or not such employee knows of his right to compensation." (pp. 164, 165.)

Plaintiff's petition makes no reference to receiving compensation for his injuries. Even if plaintiff and his employer were under the act, and giving the petition the benefit of all inferences to which it is entitled, we cannot assume that plaintiff asserted his rights thereunder and received workmen's compensation payments from his employer.

The judgment of the trial court is affirmed.

It is so ordered.