(724 P.2d 143)

No. 58,192

DAVID N. ALLEN, *Appellant*, v. TOM MILLS, d/b/a F & M BOX COMPANY, *Appellee*.

Opinion filed August 21, 1986.

*James S. Oswalt*, of Oswalt & Oswalt, of Hutchinson, for appellant.

*Forrest James Robinson, Jr.*, of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita, for appellee.

Before REES, P.J., PAUL W. CLARK, District Judge, assigned, and JAMES J. NOONE, District Judge Retired, assigned.

CLARK, J.: Plaintiff David N. Allen appeals from an order of summary judgment made pursuant to K.S.A. 60-256 that declared his sole remedy for personal injuries received to be that fixed under the Workmen's Compensation Act, K.S.A. 44-501 *et seq.*

The subject of the appeal is the scope of both statutes cited above.

The issue that we will resolve here is whether under the uncontroverted facts a self-employed person can be brought within the Workmen's Compensation Act as a "statutory" worker pursuant to K.S.A. 44-503.

The facts presented to the trial court by defendant in support of his motion for summary judgment were not controverted by plaintiff. Those facts material to the issues follow.

Plaintiff at all times pertinent owned and operated a sawmill in Reno County. Defendant, during the same time period, operated a plant in Butler County where lumber was used to make goods for sale to the public. Defendant was one of plaintiff's customers.

As a general business practice, defendant would notify plain-

tiff that a truckload of wood was needed. Plaintiff would in turn notify defendant when the wood ordered was ready. Upon receipt of that notice, defendant would dispatch his driver with a truck to pick up the load of wood at the business place of plaintiff.

On rare occasions, plaintiff would journey to Butler County, get the defendant's empty truck, return to his place of business, load the truck, and then deliver the wood back to defendant's plant. On one of these rare occasions, plaintiff was injured while driving the defendant's truck back to Butler County with a load of wood. Plaintiff's deposition testimony reveals how he happened to be in defendant's truck on the day of the accident. He said that he had called defendant a few days before the injury and offered for sale a load of wood.

"Tom told me he had plenty of lumber, and he would pick it up sometime next week, the load, and I said, 'Tom, I need the money,' He said, 'I just picked up a load,' and he said, 'What did you do with that money?' I said, 'It's spent, and I need another load out,' and he said, 'The only way you're going to get another load out is come and get the truck. I'm not paying a driver overtime to come get that load because I don't need it anyway.' I said, 'I need the money, I'll come get the truck.' He said, 'I'll have Pam [Milliken, the regular driver] fill it up for you, we'll put the ticket on the dash of the truck.'"

Reciting these facts, defendant then moved for judgment as a matter of law.

The trial judge interpreted the applicable statutes, examined the case law controlling, and reasoned that plaintiff was "injured while performing services for defendant. The plaintiff was the defendant's subcontractor, but at the time of plaintiff's injury he was acting as an employee of his [plaintiff's] business," a sole proprietorship. "It could be said that he was in effect wearing 'two hats' at the time of the accident." The judge ruled that plaintiff was a "worker" pursuant to K.S.A. 44-503 because he was his own employee doing a subcontractor's work for his principal, the defendant here.

We next examine the law applicable to the facts here.

If the party moving for summary judgment is to prevail, two things must be proven: First, "[t]hat there is no genuine issue as to any material fact," and second, that he "is entitled to a judgment as a matter of law." K.S.A. 60-256, and case law annotated thereunder; Vernon's Kansas C. Civ. Proc. § 60-256 (1967); 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-256 (1979).

Under the facts here, plaintiff was at the time doing his own business as a self-employed person.

Here then is the question. Is plaintiff's sole remedy for personal injuries received that fixed under the Workmen's Compensation Act?

The answer is to be found by reading the Act with the purpose in mind of finding what the legislature intended by the words therein.

First, at K.S.A. 1985 Supp. 44-505, the legislature said in part that:

"[T]he workmen's compensation act shall apply to all employments wherein employers employ employees within this state."

Second, at K.S.A. 1985 Supp. 44-501, it is provided that:

"If in any employment to which the workmen's compensation act applies, personal injury . . . is caused to an employee, the employer shall be liable to pay compensation to the employee in accordance with the provisions of the workmen's compensation act."

Next, at K.S.A. 44-503, another category of workers was brought under the Act when the legislature wrote—insofar as material here—that:

"Where any person (. . . principal) undertakes . . . work which is a part of his trade or business or which he has contracted to perform and [then] contracts with any other person . . . [to perform all] or any part of the work undertaken . . . the principal shall be liable to pay to any workman employed . . . any compensation under the workmen's compensation act which he would have been liable to pay if that workman had been immediately employed by him."

We believe that the reliance of the trial judge upon the legislative mandate of K.S.A. 44-503 is not well founded for the following reason. At K.S.A. 1985 Supp. 44-508(b) it is written that:

"As used in the workmen's compensation act:

. . . .

"(b) 'Workman' or 'employee' or 'worker' means any person who has entered into the employment of . . . an employer . . . . [S]uch terms shall not include individual employers . . . or self-employed persons."

A study of the case law reveals that our Supreme Court recently set out in *Hormann v. New Hampshire Ins. Co.*, 236 Kan. 190, 193, 689 P.2d 837 (1984), that:

"It is well settled that the workers' compensation act provides the only remedy for injuries which are encompassed within its scope. [Citations omitted.]

. . . .

"The workers' compensation law has also been held to be contractual in nature . . . with the terms and provisions of the statute being incorporated into the employment contract."

For K.S.A. 44-503 to be operative, it is necessary that there be a contract between the contractor and the worker that creates between them the relationship of employer and employee. There cannot be such a contract when one person is purportedly both the contractor and the employee. This is for a plain and simple reason. No man can contract with himself. 1 Williston on Contracts § 18, p. 32 (3d ed. 1957); 2 Williston on Contracts § 308, p. 450 (3d ed. 1959). There must be at least two parties to the making of a contract. 1 Williston on Contracts § 18, p. 32. As our Supreme Court has said:

"There must be at least two parties to a contract. It is not possible for an individual, simply by his own mental operations, to enter into a contract with himself, or with himself and others, even though he acts in different capacities." *Sinclair Refining Co. v. Long*, 139 Kan. 632, Syl. ¶ 2, 32 P.2d 464 (1934).

See *Kumberg v. Kumberg*, 232 Kan. 692, 699, 659 P.2d 823 (1983).

Reading the Act in light of the case law, it is clear that the legislature intended to provide through the Workmen's Compensation Act a means whereby injured employees could have payment for injuries received while doing the work of their employers. K.S.A. 1985 Supp. 44-501; 44-505. It was further intended that, for purposes of the Act, employees of a contractor also are "statutory employees" of the contractor's principal. K.S.A. 44-503.

Now turning to the facts of the case before us, viewed in light of the law, we see that if defendant is to prevail, he must prove that plaintiff was his employee at the time injury was sustained by plaintiff.

The contract between the parties was this. Defendant would buy and plaintiff would sell a load of wood. The price to be paid by defendant to plaintiff was based upon the load being delivered to the business place of defendant. The relationship between the parties was that of contractors in an arms-length transaction. The plaintiff here was at the time a self-employed person. The legislature did not intend to bring such a relationship within the scope of the Workmen's Compensation Act. K.S.A. 1985 Supp. 44-508(b).

Defendant has not shown that he is entitled to judgment as a matter of law under the uncontroverted facts.

The judgment of the trial court is reversed. This case is remanded for further proceedings not inconsistent with this opinion.

REES, J., concurring: I find it appropriate to add to what has been said by Judge Clark on behalf of this panel.

From *Yocum v. Phillips Petroleum Co.*, 228 Kan. 216, 220, 612 P.2d 649 (1980); *Baker v. List and Clark Construction Co.*, 222 Kan. 127, 133, 134, 563 P.2d 431 (1977); *Lyon v. Wilson*, 201 Kan. 768, 774, 443 P.2d 314 (1968); *Johnson v. Warren*, 192 Kan. 310, 313, 387 P.2d 213 (1963); *Lewis v. Confer*, 188 Kan. 779, 781, 365 P.2d 1103 (1961); *Davis v. Reed*, 188 Kan. 159, 163, 360 P.2d 847 (1961); *Robinson v. Muller*, 181 Kan. 150, 153, 309 P.2d 651 (1957); *Leslie v. Reynolds*, 179 Kan. 422, 427, 295 P.2d 1076 (1956); *Floro v. Ticehurst*, 147 Kan. 426, 432, 76 P.2d 773 (1938); *Workman v. Kansas City Bridge Co.*, 144 Kan. 139, 141, 58 P.2d 90 (1936); *Johnson, Guardian, v. Milling Co.*, 116 Kan. 731, 734, 229 Pac. 359 (1924); *Moeser v. Shunk*, 116 Kan. 247, 251, 226 Pac. 784 (1924), this lesson emerges: Operation of the Workmen's Compensation Act is founded upon the existence of a contractual relationship of employer and employee. To trigger operation of the Act, there must be a contract between two persons that creates between them the relationship of employer and employee. The rights and liabilities fixed by the Act grow out of that contract, a contract which by incorporation embodies the terms and provisions of the Act.

The Act is complete within itself. *Crabtree v. Beech Aircraft Corp.*, 5 Kan. App. 2d 440, 447, 618 P.2d 849 (1980), (Rees, J., dissenting) *rev'd*, 229 Kan. 440, 625 P.2d 453 (1981); *Hunter v. General Motors Corporation*, 202 Kan. 166, 172, 446 P.2d 838 (1968); *Russell v. Lamoreaux Homes, Inc.*, 198 Kan. 447, 448, 424 P.2d 561 (1967). The rule that the Act must be liberally construed does not permit the courts to exercise judicial ingenuity or to stretch the elasticity of language to the point of disregarding the Act's simple unclouded provisions. *Everett v. Kansas Power Co.*, 160 Kan. 712, 716, 165 P.2d 595 (1946). Neither can the courts go beyond the legislature and add what was omitted or change the limitations of the Act. *Roberts v. City of Ottawa*, 101 Kan. 228, 231, 165 Pac. 869 (1917). In short, the judiciary is not permitted

to enlarge upon the plain terms of the Act. *Leslie v. Reynolds*, 179 Kan. at 427.

It has been held that K.S.A. 44-503 is designed to give to employees of a contractor a remedy against the principal. *Hoffman v. Cudahy Packing Co.*, 161 Kan. 345, 351, 167 P.2d 613 (1946). The author of Note, *Worker's Compensation: Reconsidering the "Right to Control" as the Exclusive Test for Employment Status*, 23 Washburn L.J. 379, 388 (1984), correctly opined that under K.S.A. 44-503 employees of a contractor are afforded relief under the Act but the contractor individually is not granted the same right of recourse against the principal.