(768 P.2d 308)

No. 62,298

ROBERT E. MILLER, *Claimant,* v. ROBERT E. MILLER AND ST. PAUL FIRE and MARINE INSURANCE COMPANY, *Appellants,* and WORKERS' COMPENSATION FUND, *Appellee.*

Opinion filed February 3, 1989.

*Douglas C. Hobbs,* of McDonald, Tinker, Skaer, Quinn & Herrington, P.A., of Wichita, for appellants.

*Charles R. Pike* and *Brock R. McPherson,* of McPherson, Bauer, Pike & Pike, Chtd., of Great Bend, for appellee.

Before REES, P.J., DAVIS, J., and PORTER K. BROWN, District Judge, assigned.

REES, J.: This workers' compensation case raises the question whether liability for compensation payment to an electing self-employed person is to be shifted to the Workers' Compensation Fund (the Fund) pursuant to K.S.A. 1988 Supp. 44-567(a). The district court denied shifting. We reverse.

Robert E. Miller is an over-the-road trucker. Since 1982 he had owned a tractor and flatbed semi-trailer that he operated as a leasing owner-operator. The parties agree that Miller was a "self-employed person" as that term appears in the Workers' Compensation Act (the Act).

Miller sustained personal injury by accident arising out of and in the course of his self-employment on August 5, 1984, when he fell off his trailer. Miller's resultant disability probably or most likely would not have occurred but for a preexisting handicap causing physical impairment with which he was afflicted and of which he had known throughout his self-employment. (A form 88 "Notice of Handicap, Disability or Physical Impairment" filed by Miller was evidence of his knowledge.)

Prior to the accident, Miller had elected to bring himself

within the provisions of the Act by filing with the Director a written election and by insuring with and keeping insured the payment of compensation by St. Paul Fire and Marine Insurance Company (St. Paul), a Kansas authorized workers' compensation insurer. St. Paul, pursuant to Miller's election, filed with the Director its written agreement to provide coverage for Miller, that is, its acceptance to treat Miller as an employee for the purposes of the Act.

Following the accident, Miller filed an accident report and made claim against St. Paul. A compensation proceeding was begun. The Fund was impleaded and shifting of compensation liability was requested. Miller and St. Paul entered into a settlement agreement. The Administrative Law Judge (ALJ) approved and affirmed the agreement and entered an award of compensation in the agreed amount. The ALJ refused, however, to order shifting to the Fund of liability for payment of any of the award. In the absence of a request for review, the ALJ's decision was automatically approved by the Director. On appeal, the district court adopted the ALJ's award as its own and shifting was denied.

In simplest terms, the Act sets forth a mandatory, self-contained, and self-enacting no fault insurance plan. The Act provides that:

"If in any employment to which [the Act] applies, personal injury by accident arising out of and in the course of employment is caused to an employee, the employer shall be liable to pay compensation to the employee . . . ." K.S.A. 1988 Supp. 44-501(a).

and requires that:

"Every employer shall secure the payment of compensation to the employer's employees . . . (1) By insuring and keeping insured the payment of such compensation with an insurance carrier authorized to transact the business of workers' compensation insurance in the state of Kansas . . . ." K.S.A. 44-532(b).

Workers' compensation insurance satisfying K.S.A. 44-532 (b)(1) is in the nature of liability insurance, not indemnity insurance. Cf. *Employers' Liability Assurance Corp. v. Matlock*, 151 Kan. 293, 305, 98 P.2d 456 (1940). This is so for the reason that the statute's language calls for insurance obligating the insurer to pay compensation rather than insurance obligating the insurer to pay the employer's loss suffered from liability imposed by law. See *White v. Goodville Mut. Cas. Co.*, 226 Kan. 191, 193-95, 596

P.2d 1229 (1979) (an automobile insurance case); K.S.A. 44-559; K.S.A. 44-532(a). In our view, it follows that in the usual workers' compensation proceeding where the insurance carrier's coverage is acknowledged or otherwise established, as to the claimant the employer virtually is a nominal respondent; in civil procedure parlance, the claimant's "action" essentially is a direct action against the insurance carrier who has stepped into and stands in the employer's shoes. *Cf.* K.S.A. 44-532(a).

K.S.A. 44-542a provides that:

"[A] self-employed person may elect to bring himself or herself within the provisions of the workmen's compensation act, by securing and keeping insured such liability in accordance with [K.S.A. 44-532(b)(1)]. Such insurance coverage shall clearly indicate the intention of the parties to provide coverage for such . . . self-employed person. When such election is made, the insurance carrier or its agent shall cause to be filed with the director a written statement of election to accept thereunder so that such . . . self-employed person is treated as an employee for the purposes of the workmen's compensation act pursuant to such election."

The facts plainly establish that Miller and St. Paul fully complied with K.S.A. 44-542a and K.S.A. 44-532(b)(1). A valid election was in effect.

K.S.A. 1988 Supp. 44-508 states that:

"*As used in the workers compensation act*:

"(a) 'Employer' includes . . . any person . . . [and]

"(b) . . . 'employee' . . . means any person who has entered into the employment of . . . an employer. . . . Unless there is a valid election in effect which has been filed as provided in K.S.A. 44-542a . . ., ['employee'] shall not include . . . self-employed persons." (Emphasis added.)

The presence of the introductory qualifying or conditional phrase in the last sentence of K.S.A. 1988 Supp. 44-508(b) produces the corollary that, where there is a valid election in effect, the statutory term "employee" includes self-employed persons. An electing self-employed person is an "employee" for the purposes of the Act for the *single reason that that is what the Act says*.

Miller was an "employee" for the purposes of the Act. Under the terms of the Act, he was a person who had entered into the employment of an employer (K.S.A. 44-508[b]).

Turning to K.S.A. 1988 Supp. 44-567, we find it provides that:

"(a) An employer . . . who knowingly employs or retains a handicapped employee as defined in K.S.A. 44-566 . . . shall be relieved of liability for compensation awarded . . . as follows:

"(1) Whenever a handicapped employee is . . . disabled . . . as a result of an injury and the director awards compensation therefor and finds the . . . disability . . . probably or most likely would not have occurred but for the preexisting physical . . . impairment of the handicapped employee, all compensation and benefits payable because of the . . . disability . . . *shall* be paid from the workers' compensation fund.

. . . .

"(b) In order to be relieved of liability under this section, the employer must prove either the employer had knowledge of the preexisting impairment at the time the employer employed the handicapped employee or the employer retained the handicapped employee in employment after acquiring such knowledge." (Emphasis added.)

A "handicapped employee as defined in K.S.A. 44-566" (K.S.A. 1988 Supp. 44-567[a]) is an employee who is at a disadvantage in obtaining employment or reemployment because of physical or mental impairment with which he or she is afflicted or to which he or she is subject. K.S.A. 44-566(b); *Denton v. Sunflower Electric Co-op*, 12 Kan. App. 2d 262, 264, 740 P.2d 98 (1987), *aff'd* 242 Kan. 430, 748 P.2d 420 (1988). Miller met that definition. For the purposes of the Act, he not only was an employee, he was a handicapped employee who had entered into the employment of an employer.

The provisions of the Act imposing liability upon the Fund are to be liberally construed to carry out the legislative intent to encourage employment of handicapped persons. *Morgan v. Inter-Collegiate Press*, 4 Kan. App. 2d 319, 323, 606 P.2d 479 (1980). As held in *Leiker v. Manor House, Inc.*, 203 Kan. 906, 913-14, 457 P.2d 107 (1969):

"[T]he purpose of the Act is to encourage employers to hire the handicapped, and *the Legislature intended this to be achieved by shifting the increased burden of compensation from the employer to [the Workers' Compensation Fund]* which is funded by payments from insurance carriers and from legislative appropriations. The statute is remedial in character, and is not to be interpreted in any narrow, technical or illiberal manner. A liberal construction of its provisions should be indulged, if necessary, to give effect to the purpose intended by the Legislature." (Emphasis added.)

In the case before us, the Fund's position and the district court's decision evolve from this "threshold" language of K.S.A. 1988 Supp. 44-567(a): "An employer . . . who knowingly employs . . . a handicapped employee . . . shall be relieved of liability." The Fund argues that it cannot be subjected to shifting under K.S.A. 1988 Supp. 44-567 for the reason that Miller cannot be found to have employed himself.

Relying on *Kumberg v. Kumberg*, 232 Kan. 692, 659 P.2d 823 (1983), and *Allen v. Mills*, 11 Kan. App. 2d 415, 724 P.2d 143 (1986), as supporting authority, the Fund urges that the relationship of employer and employee is a contractual relationship and because no person can contract with himself or herself, a self-employed person, as a "handicapped employee," cannot be in the employment of himself or herself, as an "employer." Thus, the Fund contends that, by operation of the threshold language of K.S.A. 1988 Supp. 44-567(a), liability for compensation payment cannot be shifted to the Fund in electing self-employed person cases. According to the Fund, this is a matter of plain statutory language that we cannot stretch or alter. 11 Kan. App. 2d at 419-20. We do not agree with the Fund's position.

Again, for its purposes, the Act defines the term "employee" and that term includes electing self-employed persons. Thus, by operation of the statutory language that the term " 'employee' . . . means any person who has entered into the employment of . . . an employer" (K.S.A. 1988 Supp. 44-508[b]), for the purposes of the Act an electing self-employed person *has* an "employer." Accordingly, we conclude that for the purposes of the Act, an electing self-employed person is both an "employee" and an "employer."

It is important to bear in mind that we here address usage of the terms "employee" and "employer" as they appear and are defined in the Act. We do not confront common-law definitions of those terms. Such confrontations occur with frequency in cases dealing with the question whether the Act is applicable to a particular set of facts. Often the question is whether the claimant was an employee or an independent contractor. Here, the parties do not dispute applicability of the Act. The question raised concerns implementation of the Act.

In regard to the question whether under particular facts a claimant's employer may be a "third person" not protected by the "exclusive remedy" rule and vulnerable to a tort action as "some person other than the employer" (see K.S.A. 44-504[a]), there are cases accepting and rejecting a so-called dual persona doctrine. See *Kimzey v. Interpace Corp.*, 10 Kan. App. 2d 165, 167-70, 694 P.2d 907, *rev. denied* 237 Kan. 887 (1985), and 2A Larson's Workmen's Compensation Law § 72.80 *(et seq.)* (1988), and cases cited. Although we now are unaware of application of

that doctrine in other contexts, it strikes us that, according to the language of the Act and for its purposes, the identity status of an electing self-employed person is in the nature of dual persona; he or she is both "employer" and "employee" for the purposes of the Act and for those purposes that person is deemed to have an employer and employee relationship with himself or herself. Needless to say, were it not for the Act's own text, the result reached simply would be legal fiction. But the Act controls.

It is appropriate that we mention two recent opinions of this court that concern self-employed persons.

The first is *Allen v. Mills*, 11 Kan. App. 2d 415, a *non-electing* self-employed person case. There it was held the self-employed person was not an "employee" under the Act for the reason that he had no contractual relationship with another as employer and employee.

The second is *Thompson v. Harold Thompson Trucking*, 12 Kan. App. 2d 449, 748 P.2d 430 (1987), *rev. denied* 243 Kan. 782 (1988). For the purpose of imposing liability for compensation payment under K.S.A. 44-503(a), an electing self-employed person who, as a "contractor," undertook execution of work which was a part of the "principal's" business was held to be a "statutory employee" of the principal. K.S.A. 44-503(a) imposes upon a principal compensation payment liability owed to a contractor's employee. Thus, *Thompson* implicitly held the electing self-employed person was an employee of himself—he was a person who had entered into the employment of himself.

Neither *Allen* nor *Thompson* is dispositive of the case before us. *Allen* is a non-electing self-employed person case. *Thompson* is a statutory employer-employee case. Nonetheless, *Thompson* is authority for the proposition that, for the purposes of the Act, an electing self-employed person is an employee in the employment of himself.

We conclude that Miller met the threshold requirement of K.S.A. 1988 Supp. 44-567 and that he and his insurance carrier, St. Paul, were entitled to be relieved of liability for compensation payment by the shifting of that liability to the Fund. Because Miller's disability resulting from the August 5, 1984, accident would not have occurred "but for" his preexisting handicap causing physical impairment, the Act *requires* that *all* compensation be paid by the Fund. K.S.A. 1988 Supp. 44-567(a)(1).

In our view, the result we reach complies with the language of the Act without stretching or altering. It complies with, and is not in derogation of, legislative intent. In effect, it affords to an electing self-employed person, and other interested parties, treatment under the Act identical to that afforded where the "employee" is not a self- employed person.

We have not overlooked the Fund's contention that the result we have reached is inconsistent with K.S.A. 44-532a(a). The contention is asserted with no supporting argument. The Fund simply posits this question: "If the electing self- employed claimant fails to maintain his insurance, can he recover from the Workers' Compensation Fund based on his own insolvency?"

In substance, for a claimant to be entitled to compensation payment from the Fund under K.S.A. 44-532a(a), the employer must have no insurance to secure compensation payment and he must be insolvent. Without a valid election in effect, a self-employed person is not an employee under the Act and for there to be a valid election in effect, the self-employed person must have the required insurance in force. A self-employed person would not be an "employee" under the Act and thereby entitled to compensation from the Fund pursuant to K.S.A. 44-532a(a) if he or she had no insurance. The Fund's suggested concern is unwarranted. In any event, that question is not before us in this case.

Reversed and remanded to the district court with the instruction to enter an appropriate order directing that all compensation and benefits payable to Miller be paid by the Fund.