(920 P.2d 472)
No. 73,990

RAYMOND I. MYERS III, *Claimant/Appellant,* v. INDIAN CREEK WOODS TOWNHOMES ASSOCIATION I, *Respondent/Appellee,* and KANSAS WORKERS COMPENSATION FUND, *Appellee.*

Opinion filed July 26, 1996.

*Richard H. Wagstaff III,* of Slagle, Bernard & Gorman, P.C., of Kansas City, Missouri, for claimant/appellant.

*Mark C. Owens,* of Bennett, Lytle, Wetzler, Martin & Pishny, L.C., of Prairie Village, for respondent/appellee.

*Robert L. Kennedy,* of Holbrook, Heaven & Fay, P.A., of Kansas City, for appellee Kansas Workers Compensation Fund.

Before GREEN, P.J., RULON, J., and DANNY D. BOYER, District Judge, assigned.

GREEN, J.: Raymond I. Myers III appeals from a decision of the Workers Compensation Board (Board). On appeal, Myers contends that the Board incorrectly determined that Indian Creek Townhomes Association I (ICTA) was not subject to the Workers Compensation Act (Act). We disagree and affirm the judgment of the Board.

Myers was severely injured in the spring of 1989 when a fence he was climbing collapsed. The fence was located on the property of his employer, ICTA. Myers' work duties included trimming the bushes, picking up leaves and trash, watering vegetation, and general routine maintenance. At the time of his injury, Myers was a junior at Kansas University, majoring in chemistry.

When Myers filed a claim for workers compensation, ICTA denied that the Act covered Myers' claim. ICTA argued that Myers was not an employee but rather that he was an independent contractor. Although the Administrative Law Judge (ALJ) found that Myers was an employee of ICTA, he determined that Myers' injury was not covered by the Act because ICTA had not met the minimum payroll requirement under K.S.A. 44-505(a)(2) (Ensley 1986). When Myers appealed the ALJ's decision to the Board, the Board also determined that the minimum payroll requirement had not been met.

For the Act to apply under the 1986 version of 44-505(a)(2), the employer had to have a total gross annual payroll for the preceding calendar year of at least $10,000 for all employees and had to reasonably estimate that it would have a payroll of $10,000 for the current calendar year. Both ICTA and the Kansas Workers Compensation Fund contend that the Act does not apply to ICTA because it did not meet the statutory payroll requirement. We agree.

The applicable portion of K.S.A. 44-505 (Ensley 1986) provided:

"(a) Subject to the provisions of K.S.A. 44-506 and amendments thereto, the workmen's compensation act shall apply to all employments wherein employers employ employees within this state except that such act shall not apply to: . . . (2) any employment, other than those employments in which the employer is the state, or any department, agency or authority of the state, *wherein the employer had a total gross annual payroll for the preceding calendar year of not more than $10,000 for all employees and wherein the employer reasonably estimates that such employer will not have a total gross annual payroll for the current calendar year of more than $10,000 for all employees.*" (Emphasis added.)

The current version of this subsection, K.S.A. 44-505(a)(2) (Furse 1993), reads substantively the same as the Ensley 1986 version, except that the threshold amount is $20,000 rather than $10,000.

Myers argues that ICTA met the $10,000 payroll requirement if the wages paid by ICTA's contractors are considered. In support of his argument, Myers cites K.S.A. 44-503 (Ensley 1986), which provided:

"(a) Where any person (in this section referred to as principal) *undertakes to execute any work which is a part of his trade or business or which he has contracted to perform and contracts with any other person* (in this section referred

to as the contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the *principal shall be liable to pay to any workman employed in the execution of the work any compensation under the workmen's compensation act which he would have been liable to pay if that workman had been immediately employed by him*; and where compensation is claimed from or proceedings are taken against the principal, then in the application of the workmen's compensation act, references to the principal shall be substituted for references to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the workman under the employer by whom he is immediately employed." (Emphasis added.)

The current version of this subsection, K.S.A. 1995 Supp. 44-503(a), reads substantively the same as the 1986 version.

"Under [44-503] coverage is extended to employees who would not ordinarily be considered within the common law definition of an employee. It is therefore often referred to as creating 'statutory employees.' " *Robinson v. Flynn's Ferry Service, Inc.*, 6 Kan. App. 2d 709, 712, 633 P.2d 1166 (1981) (citing *Durnil v. Grant*, 187 Kan. 327, 356 P.2d 872 [1960]). Myers argues that since the contractors' employees are statutory employees of ICTA, the wages paid to the statutory employees should be included for purposes of satisfying the $10,000 payroll requirement. Myers concedes that there are no Kansas cases which have interpreted the statute in this manner.

Whether wages paid to contractors' employees should be included in the computation of an employer's annual wages for purposes of bringing the employer under the Act is a question of statutory interpretation and, therefore, a question of law over which this court has unlimited review. K.S.A. 44-556(a) states:

"Any action of the board pursuant to the workers compensation act, . . . shall be subject to review in accordance with the act for judicial review and civil enforcement of agency actions [K.S.A. 77-601 *et seq.*] by appeal directly to the court of appeals. . . . Such review shall be upon questions of law."

This court has previously stated that in a workers compensation appeal, "the appellate court may substitute its judgment on questions of law." *Helms v. Pendergast*, 21 Kan. App. 2d 303, 309, 899 P.2d 501 (1995) (citing *Elder v. Arma Mobile Transit Co.*, 253 Kan. 824, Syl. ¶ 2, 861 P.2d 822 [1993]).

In *Rodriguez v. John Russell Constr.*, 16 Kan. App. 2d 269, 273, 826 P.2d 515 (1991), this court stated:

"The purpose of K.S.A. 44-503(a) is set forth in *Hoffman v. Cudahy Packing Co.*, 161 Kan. 345, 167 P.2d 613 (1946):-

'A prime purpose of section 44-503 of the workmen's compensation act is to give to employees of a contractor who has undertaken to do work which is a part of the trade or business of the principal, such remedy against the principal as would have been available if they had been employed directly by the principal, and to prevent employers from evading liability under the act by the device of contracting with outsiders to do work which they have undertaken to do as a part of their trade or business.' 161 Kan. 345, Syl. ¶ 4."

Although both the ALJ and the Board declined to address the purpose of 44-503, we believe the purpose of the statute is germane to resolving the earlier stated payroll issue. Clearly, the statute was enacted to give an employee of an uninsured contractor protection. The statute does not, however, address the situation where an injured employee is a regular employee of the principal employer. Consequently, the legislature has afforded more statutory relief to an employee of a contractor than it has afforded to an employee of a principal. In *Allen v. Mills*, 11 Kan. App. 2d 415, 419-20, 724 P.2d 143 (1986), Judge Rees, in a concurring opinion, discussed the limits of judicial ingenuity, stating:

"The rule that the Act must be liberally construed does not permit the courts to exercise judicial ingenuity or to stretch the elasticity of language to the point of disregarding the Act's simple unclouded provisions. *Everett v. Kansas Power Co.*, 160 Kan. 712, 716, 165 P.2d 595 (1946). Neither can the courts go beyond the legislature and add what was omitted or change the limitations of the Act. *Roberts v. City of Ottawa*, 101 Kan. 228, 231, 165 Pac. 869 (1917). In short, the judiciary is not permitted to enlarge upon the plain terms of the Act. *Leslie v. Reynolds*, 179 Kan. at 427."

Furthermore, under 44-503, a contract not only must exist between the principal employer and the contractor but also must exist between the contractor and the injured employee of the contractor. Moreover, the statute requires that the amount of compensation to be awarded to the injured employee be calculated by considering the wages the employee earned from his or her immediate employer, which would be the uninsured contractor. Here, Myers was not an employee of one of ICTA's contractors. He was a regular

employee of ICTA. Consequently, Myers could not be considered a statutory employee of ICTA. Because he is not a statutory employee, he has no statutory remedy under 44-503. Therefore, he should not be permitted to include the wages paid by ICTA's contractors for the purpose of satisfying the payroll requirement of K.S.A. 44-505(a)(2) (Ensley 1986).

Affirmed.