· (929 P.2d 807)
No. 74,721

AETNA LIFE & CASUALTY, *Appellee*, v. AMERICAS TRUCKWAY SYSTEMS, INC., *Appellant*.

—

Opinion filed January 3, 1997.

*Luke B. Harkins*, of Kansas City, for the appellant.

*Louis J. Wade*, of Overland Park, for the appellee.

Before ELLIOTT, P.J., LEWIS and PIERRON, JJ.

PIERRON, J.: Americas Truckway Systems, Inc. (ATS), defendant/appellant, appeals the district court's granting of summary judgment in favor of Aetna Life & Casualty (Aetna), plaintiff/appellee. The district court ruled that the self-employed, independent contractor drivers employed by ATS were covered by the Kansas Workers Compensation Act and Aetna was therefore entitled to an increased premium.

The facts presented to the district court were either stipulated, admitted, or entered into evidence without contradiction. ATS describes its business as primarily a brokering service for the driving and/or "piggy-backing" of semi-tractor trucks from one place to another, a/k/a "driveaway service." ATS's customers contract with ATS to hire independent contractor drivers to drive and/or "piggyback" trucks to a specified location. ATS's consideration is a commission based on a per-mile charge, and ATS pays the drivers a per-mile rate established by contract between ATS and the drivers.

ATS obtained workers compensation insurance coverage through Aetna for a 2-year period, effective February 25, 1988. The insurance premium was based upon payroll amounts for the applicable classifications of ATS employees. ATS only included its sales and clerical staff in estimating the payroll figures. The premium was approximately $750.

In April 1989, during the second year of coverage, Aetna audited ATS's account, using actual payroll figures from the prior policy year, in order to adjust the premium. The audit contended that ATS used the truck drivers to conduct its business and therefore the drivers' payroll should have also been used to compute the insurance premium. Aetna billed ATS for an adjusted premium of $139,194. After ATS did not pay, Aetna filed suit to collect the adjusted premium.

Aetna filed a motion for summary judgment. After two hearings, the district court granted the motion. The court found the truck drivers involved with ATS were self-employed, independent contractors and not common-law employees of ATS, but that the drivers performed work integral and essential to ATS's business. The district court adopted the rule in *Thompson v. Harold Thompson Trucking*, 12 Kan. App. 2d 449, 456-58, 748 P.2d 430 (1987), *rev. denied* 243 Kan. 782 (1988), and held that the truck drivers were "statutory employees" and subject to premiums for workers compensation liability.

ATS then filed a motion for reconsideration of the court's decision of summary judgment, which was heard. Ultimately, the court found: (1) The facts were not in dispute and had been stipulated to; and (2) ATS conceded it could not prove any of the truck drivers had coverage for workers compensation which would have precluded ATS's liability to Aetna. The court concluded the insurance contract issued by Aetna could cover workers compensation claims by ATS drivers. This was the risk insured against by Aetna, thereby rendering ATS liable. Thus, the court ruled the drivers' payroll should have been included in the calculation of the premiums according to the terms and conditions of the contract.

At a later date, the court held a hearing on damages and granted judgment in favor of Aetna for $139,194.

ATS argues the district court erred in granting summary judgment because self-employed persons are generally excluded from coverage under the Kansas Workers Compensation Act, K.S.A. 44-501 *et seq*. ATS contends Aetna is not entitled to the adjusted insurance premiums based on the language in K.S.A. 1995 Supp. 44-503(a) and the holding in *Allen v. Mills*, 11 Kan. App. 2d 415, 724 P.2d 143 (1986). On the other hand, Aetna argues the district court correctly entered summary judgment in its favor since ATS's truck drivers were statutory employees under K.S.A. 44-503(a) and ATS is liable for workers compensation premiums under the statute. Aetna also argues ATS is liable for premiums under the insurance contract entered into by the parties.

Our standard of review for cases decided by summary judgment is well established:

"The burden on the party seeking summary judgment is a strict one. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal we apply the same rule, and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. [Citations omitted.]" *Mitzner v. State Dept. of SRS*, 257 Kan. 258, 260-61, 891 P.2d 435 (1995).

There are several provisions of the Workers Compensation Act relevant to a discussion of the issue presented to the court. K.S.A. 44-501(a) provides:

"If in any employment to which the workers compensation act applies, personal injury by accident arising out of and in the course of employment is caused to an employee, the employer shall be liable to pay compensation to the employee in accordance with the provisions of the workers compensation act."

The act also defines individuals that are encompassed therein. K.S.A. 1995 Supp. 44-508(b) defines "workman", "employee," or "worker" as

"any person who has entered into the employment of or works under any contract of service or apprenticeship with an employer. . . . Unless there is a valid election in effect which has been filed as provided in K.S.A. 44-542a and amendments thereto, such terms shall not include individual employers, limited or general partners or self-employed persons."

Pursuant to K.S.A. 44-501(a) and K.S.A. 1995 Supp. 44-508(b), ATS argues the drivers would not have been able to bring claims against Aetna under the Workers Compensation Act. Aetna concedes that self-employed persons are not generally considered "workers" under K.S.A. 1995 Supp. 44-508. Aetna argues the truck drivers contracted with ATS to do ATS's work and are statutory employees. Therefore, the premium must be charged for that insured risk.

ATS relies heavily on *Allen v. Mills*, 11 Kan. App. 2d 415. Allen owned and operated a sawmill in Reno County. Mills operated a plant in Butler County where he sometimes used Allen's lumber to make goods for sale to the public. Usually, Mills would let Allen know when he needed a truckload of lumber, and Allen would tell Mills when it was ready. Mills would then dispatch his driver with a truck to pick up the load from Allen. On the occasion of the accident, Allen picked up Mills' truck, returned to Allen's sawmill, loaded the truck, and was injured when he delivered the wood back to Mills' plant.

The court found the case to be one of a nonelecting, self-employed person seeking workers compensation. The district court ruled that Allen was barred from bringing a civil action against Mills because his sole and exclusive remedy was under the Workers Compensation Act. The district court also ruled that Allen was his own employer, doing subcontract work for his principal, Mills. 11 Kan. App. 2d at 416-17. This court disagreed with the district court's reliance on K.S.A. 44-503 (Ensley 1981) and hung its hat on the self-employed person language in K.S.A. 1985 Supp. 44-508(b), which disqualified such individuals from the Act. The *Allen* court explained:

"For K.S.A. 44-503 to be operative, it is necessary that there be a contract between the contractor and the worker that creates between them the relationship of employer and employee. There cannot be such a contract when one person is

purportedly both the contractor and the employee. This is for a plain and simple reason. No man can contract with himself. 1 Williston on Contracts § 18, p. 32 (3d ed. 1957); 2 Williston on Contracts § 308, p. 450 (3d ed 1959). There must be at least two parties to the making of a contract. 1 Williston on Contracts § 18, p. 32. As our Supreme Court has said:

> 'There must be at least two parties to a contract. It is not possible for an individual, simply by his own mental operations, to enter into a contract with himself, or with himself and others, even though he acts in different capacities.' *Sinclair Refining Co. v. Long*, 139 Kan. 632, Syl. ¶ 2, 32 P.2d 464 (1934).

See *Kumberg v. Kumberg*, 232 Kan. 692, 699, 659 P.2d 823 (1983)." 11 Kan. App. 2d at 418.

The *Allen* court ultimately held that Allen was not an "employee" under the Act for the reason that he had no contractual relationship with another as employer and employee. The court decided that Allen was engaged in an arms-length transaction with Mills and was not a statutory employee of Mills for purposes of applying the Workers Compensation Act. 11 Kan. App. 2d at 418.

Aetna argues *Allen* is not applicable to our case. Aetna cites the distinguishing factors that (1) Allen was self-employed, whereas ATS is a corporation, and (2) Allen claimed to be an employee of *himself* and undertook to do his own work, whereas ATS specifically contracted with independent, self-employed contractors to do its work. Aetna states that ATS's business is a corporation providing transportation services for its customers. ATS does not do the work itself, in which case the employees would be eligible for workers compensation coverage, but instead contracts with independent truckers.

Aetna contends the Workers Compensation Act specifically addresses this situation. K.S.A. 1995 Supp. 44-503(a) provides:

"Where any person (in this section referred to as principal) undertakes to execute any work which is part of the principal's trade or business or which the principal has contracted to perform and contracts with any other person (in this section referred to as the contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any worker employed in the execution of the work any compensation under the workers compensation act which the principal would have been liable to pay if that worker had been immediately employed by the principal; and where compensation is claimed from or proceedings are taken

against the principal, then in the application of the workers compensation act, references to the principal shall be substituted for references to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the worker under the employer by whom the worker is immediately employed."

K.S.A. 1995 Supp. 44-503 creates an employer-employee relationship for purposes of workers compensation where such a relationship would not be recognized under common-law principles. Workers who are eligible for benefits through application of this section are therefore frequently referred to as "statutory employees." Kansas Workers Compensation Handbook § 4.06A (rev. ed. 1990). The court in *Zehring v. Wickham*, 232 Kan. 704, 707, 658 P.2d 1004 (1983), observed that a principal purpose of 44-503(a) is " 'to prevent employers from evading liability under the act by the device of contracting with outsiders to do work which they have undertaken to do as a part of their trade or business.' *Hoffman v. Cudahy Packing Co.*, 161 Kan. 345, Syl. ¶ 4, 167 P.2d 613 (1946). See also *Fugit, [Administratrix v. United Beechcraft, Inc.,]* 222 Kan. [312, 315, 564 P.2d 521 (1977)]."

Aetna relies heavily on *Thompson v. Harold Thompson Trucking*, 12 Kan. App. 2d 449, as the governing law that ATS's drivers were statutory employees under K.S.A. 1995 Supp. 44-503(a). In *Thompson*, Harold Thompson, doing business as Harold Thompson Trucking, was engaged in hauling salt water, fresh water, and crude oil to and from oil field operations. Thompson Trucking employed Richard E. Shreve, who had worked for the company for approximately 6 to 8 weeks before the accident. On the day of the accident, Thompson and Shreve were cleaning an oil tank on a lease operated by Murfin Drilling Company. Murfin had contracted with Thompson Trucking to clean the oil tank. Thompson and Shreve were injured when the oil tank exploded. 12 Kan. App. 2d at 450.

The district court considered whether Thompson was a statutory employee of Murfin Drilling. The question was whether Thompson Trucking's insurance company or Murfin's insurance company would be responsible for paying Thompson's workers compensation claim. The district court found that Thompson was not the

statutory employee of Murfin. On appeal, this court reversed the decision of the district court and held that the work Thompson was doing at the time of the accident was an integral part of Murfin's operation pursuant to K.S.A. 1995 Supp. 44-503(a). 12 Kan. App. 2d at 451, 457.

Additionally, the court also held that it made no difference that the claimant was the owner of the company contracting with Murfin since Thompson had elected to come under the act as an employee of his company. The court recognized that Murfin had not contracted with Thompson to perform the work, as had been the situation in *Allen*. Rather, Murfin had contracted with the company owned by Thompson. See *Robinson v. Flynn's Ferry Service, Inc.*, 6 Kan. App. 2d 709, 714, 633 P.2d 1166, *rev. denied* 230 Kan. 819 (1981) (court held that where principal contracted with the business and not with the owner-operator individually, 44-503(a) applied and the owner-operator was a statutory employee of the principal.) The court concluded that Thompson was a statutory employee of Murfin and could recover workers compensation benefits from it. 12 Kan. App. 2d at 458.

ATS argues that *Thompson* is highly distinguishable because it deals with the exception to the rule that self-employed persons are not covered by the Workers Compensation Act. Under K.S.A. 1995 Supp. 44-508(b), this exception applies only to self-employed persons who make an election under the Act, as Thompson had done, to be covered pursuant to K.S.A. 44-542a. Since it is uncontroverted that none of the ATS truck drivers had ever made such an election, ATS argues *Thompson* does not apply and its truck drivers could not have brought a claim under the Act.

ATS cites *Miller v. Miller*, 13 Kan. App. 2d 262, 264, 768 P.2d 308 (1989):

> "The presence of the introductory qualifying or conditional phrase in the last sentence of K.S.A. 1988 Supp. 44-508(b) produces the corollary that, where there is a valid election in effect, the statutory term "employee" includes self-employed persons. An electing self-employed person is an "employee" for the purposes of the Act for the single reason that that is what the Act says."

Aetna argues that ATS disregards the express language of the insurance contract and fails to address the trial court's reliance on

the same. The record contains what appears to be Aetna's standard workers compensation insurance policy. Aetna argues the district court's ruling squares perfectly with the provisions of the insurance contract. Aetna directs the court's attention to Part V, § C of the insurance policy, which reads:

"Premium for each work classification is determined by multiplying a rate times a premium basis. Remuneration is the most common premium basis. The premium basis includes payroll and all other remuneration paid or payable during the policy period for the services of:

1. all your officers and employees engaged in work covered by this policy; and
2. all other persons engaged in work that could make us liable under Part One (Workers Compensation Insurance) of this policy. If you do not have payroll records for these persons, the contract price for their services and materials may be used as the premium basis. This paragraph 2 will not apply if you give us proof that the employers of these persons lawfully secured their workers compensation obligations."

Aetna states it is uncontroverted that ATS has not provided any proof that the truck drivers had their own workers compensation coverage. Therefore, Aetna insists it is properly entitled to insurance premiums for workers compensation coverage of the truck drivers used by ATS.

Last, Aetna argues that ATS's position is compromised with regard to the language in the contracts it used to hire the truck drivers. The "Independent Contractor Agreement" between ATS (Company) and the truck drivers (Contractor) provides:

"Drivers and Helpers. Contractor shall, at his own expense, employ all necessary drivers, driver helpers, and laborers to carry out this Agreement. Company shall not be responsible for the wages and expenses, employment taxes (federal or state), nor social security, or insurance of Contractor's employees, agents, or servants.

"Contractor shall hold Company harmless from any liability arising from a relationship between Contractor and any of Contractor's employees, agents or servants, whether under industrial accident laws, workers' compensation laws, employment taxes, or other state or federal laws applicable to employees, and employers. Contractor shall maintain workers' compensation coverage for any employee, agent or servant whom Contractor employs in the performance of this Agreement.

"In addition, Contractor represents that he will withhold state and federal income taxes upon the wages paid by Contractor to Contractor's employees, and

Contractor will be solely responsible for all employment taxes owing to the state and federal governments."

Aetna argues the district court correctly concluded that ATS's failure to police and monitor its own contracts with the truck drivers has now caused it to be liable for the increased premium. Aetna asserts that if ATS truly believed it had no exposure for workers compensation claims filed by the truck drivers, then there would be no need to contractually require the truck drivers to obtain and maintain workers compensation insurance. Therefore, Aetna argues ATS knew it was liable for workers compensation claims filed by the truck drivers.

ATS argues this provision applies to people hired by their contract drivers, not the contract drivers themselves.

It is apparent a possible conflict exists between the definition of employee under K.S.A. 1995 Supp. 44-508(b) and the "statutory employee" under K.S.A. 1995 Supp. 44-503(a). K.S.A. 1995 Supp. 44-503(a) is silent as to whether an individual who falls within the purview of this statute must have elected to bring himself or herself within the act in order to receive compensation. *Thompson* is uninstructive on the subject because the individual there had already elected to be covered by the Act. *Miller* is no help because it stands for the proposition that a self-employed person who elects under the Act falls within the definition of "employee" under K.S.A. 1995 Supp. 44-508(b) and has no bearing on a determination under K.S.A. 1995 Supp. 44-503(a).

We believe the proper avenue to address this statutory conflict is through the fundamental rule that specific statutes prevail over general statutes. "General and special statutes should be read together and harmonized whenever possible, but to the extent a conflict between them exists, the special statute will prevail unless it appears the legislature intended to make the general statute controlling." *Kansas Racing Management, Inc. v. Kansas Racing Comm'n*, 244 Kan. 343, 353, 770 P.2d 423 (1989). "One rule of statutory construction is that where a statute dealing generally with a subject and a statute dealing specifically with a certain phase of the subject are conflicting, the more specific statute generally con-

trols unless the legislature intended otherwise." *State v. La-Munyon*, 259 Kan. 54, Syl. ¶ 1, 911 P.2d 151 (1996).

We believe 44-508(b) is the more specific statute. It is obvious that individual employers, limited or general partners, or self-employed persons routinely undertake to execute work which is part of the principal's trade or business. Therefore, the 44-508(b) requirement that to be covered, such person must execute a valid election, would seem to specifically limit the general rule of inclusion under 44-503(a).

We note that courts have held that 44-503(a) is to be liberally construed to effectuate the purpose of the Workers Compensation Act. See *Bailey v. Mosby Hotel Co.*, 160 Kan. 258, 268, 160 P.2d 701 (1945). The court in *Bright v. Cargill, Inc.*, 251 Kan. 387, 393, 837 P.2d 348 (1992), *aff'd* 254 Kan. 853, 869 P.2d 686 (1994), stated that the provisions of the Workers Compensation Act are to be liberally construed for the purpose of bringing a worker under the Act whether or not desirable for the specific individual's circumstances. But such latitude does not permit the court to enlarge upon the plain terms of the statute. See *Leslie v. Reynolds*, 179 Kan. 422, 427, 295 P.2d 1076 (1956).

We therefore find the self-employed truck drivers involved here, who apparently did not elect to be covered pursuant to a valid election under K.S.A. 44-542(a), were not required to be covered by ATS. It follows that Aetna provided no coverage for those drivers under the law or its contract with ATS and is not entitled to a premium for doing so.

Reversed.